Oveta Culp **HOBBY**, Secretary of Department of Health, Education and Welfare, Appellant,

v.

Joseph **HODGES**, Appellee.

No. 4818.

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1954.

John J. Cound, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, and Paul A. Sweeney, Department of Justice, Washington, D. C., were with him on the brief), for appellant.

Charles P. Olson, Logan, Utah (Bullen & Olson, Logan, Utah, was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Joseph Hodges brought this action for a review of an order entered by the Appeals Council of the Social Security Administration dismissing his request for a hearing on the determination of benefits which he claimed were due him under Subchapter II of the Social Security Act, 42 U.S.C.A. § 401 et seq. In substance the complaint alleges that Hodges filed an application with the Federal Security Agency for benefits under the Act beginning in November, 1945; that in computing the benefits the Agency did not consider him a wage earner from January, 1937 through June, 1942; that on January 5, 1953, he made a request for a hearing; that this request was dismissed; that Section 403.709(b) of Social Security Administration Regulations No. 3 which requires a request for a hearing to be made within six months from the notice of the order is contrary to the Act; and that he was entitled to a redetermination of his benefits giving consideration to the wages he claimed that he earned during the 1937–1942 period. The relief sought was (1) a reversal of the order denying a request for a hearing and a judgment remanding the matter with instructions to grant a hearing; (2) an order declaring Section 403.709(b) of Regulation No. 3 void; (3) an order directing defendant to make a redetermination of the benefits due the plaintiff, taking into consideration the wages earned during the disputed period; and (4) that the redetermination be made retroactive to November, 1945. The plaintiff also sought a judgment for the amounts found to be due him based on retirement benefits so redetermined. The matter was heard on motions for summary judgment supported by affidavits and exhibits filed by each of the parties. The court sustained the plaintiff's motion and entered a judgment reversing the order of the Administrator and remanding the cause for a redetermination of the retirement benefits due Hodges, taking into consideration the wages he earned during the period from January, 1937 through June, 1942. The court entered judgment "in favor of the plaintiff for such amount as may be due him pursuant to said redetermination" and held Section 403.709 (b) of Regulation No. 3 to be void.

At the outset we are confronted with the question of whether the District Court had jurisdiction to grant the relief prayed for. It is contended that the order which the plaintiff sought to have reviewed was not a final decision of the

Administrator which followed a hearing and was not subject to review by the court.

The material facts are as follows: Hodges originally applied to the Bureau of Old-Age and Survivors Insurance for primary insurance benefits on May 1, 1940. On June 2, 1940, his benefits were fixed at $35.73 per month, but he was declared to be ineligible for such benefits as he was then earning more than $14.-99 per month.[1] Thereafter, Hodges notified the Bureau that the last month during which he earned wages of more than $14.99 was November, 1941. He was awarded benefits for December, 1941, and January, 1942, but it was determined that he had earned more than $14.99 in February, 1942, and that he was not entitled to any benefits for that month. He then demanded a hearing, which was granted and held before a referee acting for the Social Security Board.[2] At the hearing the question arose as to whether the plaintiff had actually been paid wages as defined in the Social Security Act during the period from January, 1937 to March, 1940. The referee found that the alleged remuneration was not "wages" as defined by the Social Security Act as amended; that the claimed wages were only credits on the books of the company; and that

Hodges had never received payment at all and was not entitled to receive primary insurance benefits.[3] The Appeals Council affirmed the referee's decision. Hodges was notified of his right to obtain a review of the Board's action by commencing an action within sixty days in the United States District Court of the district where he resided. No such action was taken.

On March 13, 1946, Hodges filed a second application (effective in November, 1945), for primary insurance benefits based on a wage-earning period which included 1937, 1938 and 1939. On December 19, 1946, the Board refused to consider the amounts claimed as wages during these years and determined that he was entitled to benefits of $23.23 per month, based on wages received by him from July, 1942, through September, 1945. Nothing further was done until January 5, 1953, when Hodges filed a request dated October 31, 1952, for a hearing and alleged that the determination of his benefits on December 19, 1946, was erroneous because it failed to take into consideration the wages he claimed that he earned during the period from January, 1937, through March, 1940. These were the same amounts which were considered and disallowed by the decision of

---

1. 42 U.S.C.A. § 403(d) (1) then provided that if a claimant earned more than $14.99 in any month, he was not eligible for benefits under the Social Security Act for that month.

2. The Act of 1950, 64 Stat. 477, 523 substituted "Administrator" for "Board".

3. In discussing the question of wages, the referee used this language:
"Primary insurance benefits are based upon a claimant's 'average monthly wage' which, in turn, is dependent upon the 'total wages' received. (Section 209(f) of the Social Security Act Amendments.) The Bureau of Old-Age and Survivors Insurance determined that the claimant received wages in the amount of $7,550 during the years 1937, 1938, 1939, and the first quarter of 1940. His benefits were computed upon such total wages.
*       *       *       *       *
"The facts revealed by the record are as follows: The claimant, Joseph Hodges,

was president and principal owner of the Farmers Union Mills, a corporation, of Logan, Utah, during 1937, 1938, and 1939. The Farmers Union Mills had financial difficulties and was reorganized in December 1939 as the Logan Flour Mills, of which corporation the claimant was the largest individual stockholder and president. The claimant was credited with a salary of $200.00 a month by both corporations from January 1937 until November of 1940, inclusive. The claimant loaned large sums of money to both the Farmers Union Mills and the Logan Flour Mills. These loans were made many times without recording on the books, and, therefore, it was impossible to secure an exact amount of the total loans. An estimate would be around $8,000 for the years 1937, 1938, and 1939. The claimant also loaned considerable sums to the Logan Flour Mills in 1940 and 1941."

the Board in 1942, and from which Hodges took no further action.

The Act provides that the Administrator (now Secretary) [4] shall make findings of fact and decisions as to rights of any individual applying for benefits. Whenever any such individual makes a showing that his or her rights may be prejudiced by a decision, then a hearing shall be had with respect to such decision and the Administrator may affirm, modify or reverse the decision based upon the evidence adduced at the hearing. The Administrator on his own motion may hold such hearings, conduct investigations and other proceedings as he may deem necessary or proper for the administration of the Act. 42 U.S.C.A. § 405 (b). When a decision becomes final after a hearing, any individual who was a party to the hearing, may obtain a review of the decision by commencing a civil action in the proper United States District Court within sixty days after the mailing to him of the notice of the decision. The court has power to enter, upon the pleadings and the transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator with or without remanding the cause for a rehearing. The findings of the Administrator are conclusive upon the court as to any fact if supported by substantial evidence. 42 U.S.C.A. § 405(g).[5] The Act thus places the initial burden upon the Administrator to make a decision as to claims by individuals from the application alone. If the individual is dissatisfied with the decision, a hearing may be demanded at which evidence is taken for the purpose of determining the correctness of the decision. It is only after the hearing that the individual may obtain a court review. The review is not a trial de novo but is limited to the pleadings and the transcript of the proceedings at the hearing. The district court has jurisdiction only to review the record. The statute does not give the district court power to treat the complaint as a mandamus action against the Administrator or to hold a hearing and determine the merits of the claim. The determination of claims is solely a function of the Administrator.

■ The United States may be sued only in cases which are clearly within an authorizing statute, and the courts may not extend the waiver of immunity beyond the letter of the authority given by the statute. United States v. Christensen, 10 Cir., 207 F.2d 757, 758, and the cases there cited. It is within the power of Congress to provide the conditions under which an administrative proceeding may be reviewed in the courts and to determine their jurisdiction. Federal Power Commission v. Pacific Power & Light Co., 307 U.S. 156, 59 S.Ct. 766, 83 L.Ed. 1180; American Power & Light Co. v. Securities and Exchange Commission, 325 U.S. 385, 65 S. Ct. 1254, 89 L.Ed. 1683; N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739. The order which this action sought to review did not follow a hearing as contemplated by the statute and there was no record before the court to review except the order refusing a hearing.

■ It is urged that if a prior hearing is jurisdictional to a court action, the Administrator may defeat the statutory right of review by denying the request for a hearing. The immunity rule in many instances may appear to be harsh, but it is well established that without specific statutory authority, an individual has no right of action against

---

4. By Reorganization Plan No. 1 of 1953, Sec. 5, 67 Stat. 632, 5 U.S.C.A. § 623 note, all functions of the Federal Security Administrator were transferred to the newly created Secretary of Health, Education and Welfare. In the instant case, the Administrator entered the decision and all references will be to that official.

5. The pertinent provisions of 405(g) are:

"Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow. * * *"

the United States in the courts even though the statute creates rights in the individual against the United States. Congress may create rights without providing a remedy in the courts. Stark v. Wickard, 321 U.S. 288, 306, 64 S.Ct. 559, 88 L.Ed. 733; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011. It is for Congress alone to say how the rights which it creates shall be enforced, and when one remedy is specified, it normally excludes another. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L. Ed. 61. It may withhold all remedy or it may provide an administrative remedy only and make it exclusive.[6] Dismuke v. United States, 297 U.S. 167, 172, 56 S.Ct. 400, 80 L.Ed. 561. In the Christensen Case, supra [207 F.2d 758], the statute authorized actions on National Service Life Insurance Policies in cases where there had been a disagreement as to a claim. We held that in such cases, " * * * a disagreement is jurisdictional and a valid judgment may not be obtained without such disagreement." We therefore hold that the district court was without jurisdiction to consider the merits of the claim or to order the Secretary to hold the hearing requested.

██ Hodges contends that the regulation which requires a request for a hearing to be filed within six months after the mailing of the notice of a decision is contrary to the express provisions of the statute. We agree with this contention. 42 U.S.C.A. § 405(a) provides:

"(a) The Administrator shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

Section 403.709(b) of Regulation 3, adopted by the Social Security Administration reads: "A request for hearing must be filed within six months from the date of mailing notice of the original determination."

42 U.S.C.A. § 405(b) provides in part: "The Administrator is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Whenever requested by any such individual * * * who makes a showing in writing that his or her rights may be prejudiced by any decision the Administrator has rendered, he shall give such applicant * * * reasonable notice and opportunity for a hearing with respect to such decision * * *." This section does not put any limitation upon the time within which a hearing may be requested. It specifically provides that. whenever a proper individual requests a hearing and makes a showing that his or her rights have been prejudiced, the Secretary shall give such applicant an opportunity for a hearing. Webster's New International Dictionary of the English Language treats the word "whenever" as an adverb and a conjunction. When used as an adverb, it is defined to mean, "At whatever time; no matter when". When used as a conjunction, it is defined to mean, "At any or all times that; in any or every instance which". Either as an adverb or conjunction, the word "whenever" cannot be defined as a restrictive word. It generally refers to the future and means "at whatever time", 45 Words and Phrases,.

---

6. This rule is not in conflict with Sec. 10 of the Administrative Procedure Act which provides:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." 5 U.S.C.A. § 1009(a).

Whenever, p. 61, and we believe that no other reasonable construction can be given to the term.

██ Granting that the Secretary was in error in dismissing the request for a hearing upon the ground that it was not made within six months after the decision was rendered, Hodges would not have been entitled to any relief upon the question which he desired to have reconsidered because there had been a determination of this question in 1942 which became final, and it could not be revived by subsequent application for a hearing upon the same question.

The courts have not established a clear rule as to when the findings and decision of an administrative body are res judicata in subsequent proceedings. 42 Am.Jur., Public Administrative Law, Sec. 155, 161. It appears to us, however, that in this case the answer is found in the Social Security Act itself. When a claimant makes an application, the Act provides a detailed and comprehensive procedure for determining the benefits due. It was the evident purpose of Congress that this determination was to be the function of the Secretary and not the courts. As we have heretofore pointed out, a dissatisfied applicant may obtain a hearing which is in the nature of a judicial proceeding requiring the taking of evidence, findings of fact and a decision. After a final decision following a hearing, any individual who was a party to that hearing may obtain a review of such decision by civil action brought in the proper United States District Court, but that action may be brought only within sixty days after the mailing to the party of the notice of such decision. Upon review, the court has the power to affirm, modify, or reverse the decision. The findings of the Board as to any fact, if supported by substantial evidence, are conclusive upon the court and are not otherwise subject to review. The findings and decision therefore may become final either by lapse of time or court approval. Federal Trade Commission v. Morton Salt Co., 334 U.S.

37, 54, 68 S.Ct. 822, 92 L.Ed. 1196. To permit the applicant to relitigate a claim after failure to obtain a court review within the statutory time would run counter to the apparent purposes and provisions of the Act. Thompson v. Social Security Board, 81 U.S.App.D.C. 27, 154 F.2d 204; United States v. LaLone, 9 Cir., 152 F.2d 43; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Cf. South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748; United States v. Willard Tablet Co., 7 Cir., 141 F.2d 141. If the applicant in this case is permitted to have his claim relitigated, as he has sought to do, there would be no end to the controversy, and the provision in the statute which requires an action to be brought within sixty days after notice of a decision would become meaningless.

Hodges contends that the doctrine of res judicata may not be applied here because the determination of the referee as to his wages during the 1937, 1938, and 1939 period was not one of the issues to be determined at the hearing. It is said that the sole purpose of the hearing was to determine whether Hodges had earned more than $14.99 during the month of February, 1942. This is true, but during the hearing it became apparent that that issue could be resolved only by a consideration of Hodges' entire work history, and a determination of whether Hodges was eligible to receive primary benefits based upon the claimed earnings in 1937, 1938, and 1939. Hodges had full opportunity to offer evidence upon the issues presented and the determination was made by the referee without any objection. If Hodges was dissatisfied with the decision, his remedy was to institute an action in the proper United States District Court. When he failed to avail himself of this right within the required time, the order became conclusive. Piuma v. United States, 9 Cir., 126 F.2d 601.

The judgment is reversed and the case remanded with instructions to dismiss the complaint.