Nellie W. ALLEN, Plaintiff,

v.

John W. GARDNER, Secretary, Department of Health, Education and Welfare, Social Security Administration, Defendant.

No. 1068.

United States District Court
W. D. Arkansas,
Hot Springs Division.

Aug. 14, 1967.

Moses, McClellan, Arnold, Owen & McDermott, Little Rock, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for defendant.

OPINION.

JOHN E. MILLER, Senior District Judge.

On November 10, 1966, the plaintiff, Mrs. Nellie Allen, filed her petition in the District Court for the Eastern District of Arkansas for review of the Appeals Council's decision of September 14, 1966, affirming the decision of the hearing examiner of May 23, 1966. The final decision of the Secretary of Health, Education and Welfare granted petitioner old-age insurance benefits but determined her net earnings for 1963 and 1964 to be less than she contends she earned, which resulted in reducing the benefits to a sum less than she believes herself to be entitled. The petition sets forth generally and specifically her contentions relative to the claimed errors on the part of the Secretary. She contends,

in substance, that during the years in question she earned 90 percent of the profits of a partnership owned equally with her husband, who, she contends, earned 10 percent. The Secretary determined that each earned 50 percent of the profits.

The defendant Secretary filed his answer on February 27, 1967, denying that the above-mentioned computation was erroneous, and praying that the petition be dismissed and the decision complained of be affirmed.

On March 30, 1967, an order was entered, sua sponte, transferring the case from the Eastern District to the Western District for the reason that the plaintiff is, and was at all times material, a resident of Arkadelphia, Clark County, Arkansas, in the Western District of Arkansas, pursuant to § 205(g) of the Act [42 U.S.C.A. § 405(g)], which provides that this type of suit should be filed in the judicial district where the claimant resides.

There is no dispute as to coverage. The controversy is the amount of benefits to which she is entitled, which depends upon her "earnings" for 1963 and 1964.

The case is now before the court on cross motions for summary judgment. On April 25, 1967, the defendant submitted his brief in support of his motion for summary judgment. The plaintiff on May 29, 1967, submitted brief in support of her motion, and subsequent to that time the defendant submitted a brief in reply to the plaintiff's brief. On July 10, 1967, the defendant submitted a supplemental brief, in which was raised the question of the effect on the present action of a prior decision of the hearing examiner on the application of Bryan Allen, the husband of the plaintiff. By letter dated July 11, 1967, the court acknowledged receipt of the supplemental brief and requested counsel for plaintiff to submit an answer brief to the supplemental brief if he so desired. On August 2 the court again requested the plaintiff's attorney to answer the supplemental brief or, in the alternative, to inform the court if he did not so desire. As of this date the court has received no communication from the plaintiff's attorney other than above stated.

There is no controversy concerning what might be termed the background facts. Bryan Allen, husband of the plaintiff, was born on March 9, 1896, and in the fall of 1937 started a Western Auto Associate Store in Arkadelphia, Arkansas. The capital used to start the business was obtained from their combined savings and money borrowed from plaintiff's father. From the beginning both husband and wife worked full-time at the store. The profits were reinvested in the business after necessary sums were deducted for living expenses.

On January 1, 1961, about two months prior to his 65th birthday, Mr. Allen conveyed to the plaintiff one-half of the business, which had up to that time been in his name only. (TR 226). On the same day Mr. and Mrs. Allen executed a "Partnership Agreement" (TR 223), whereby they would each invest their half of the business in the partnership, but Mr. Allen was to receive 10 percent of the profits and Mrs. Allen, the plaintiff, 90 percent. The agreement also provided that Mrs. Allen was to manage the store and be responsible for all operational phases of the business. This agreement was apparently entered into because of Mr. Allen's health which had begun to fail at the time.

On May 26, 1961, four months and twenty-five days after the partnership agreement was entered into, Bryan Allen filed his application for old-age insurance benefits with the Bureau of Old-Age and Survivors Insurance, Social Security Administration. His claim was denied and, pursuant to his request, a reconsideration of the claim was then made. The reconsideration determination (TR 135) was prepared and forwarded to Mr. Allen on January 12, 1962. The determination stated that Mr. Allen's claim was being denied for the reason that the alleged partnership was never actually entered into notwithstanding the fact that Mr.

and Mrs. Allen had executed a written instrument to that effect; that the business was being carried on substantially as it was prior to January of 1961; and that because Mr. Allen's "earnings" were in excess of $1,200 per year, he was not "retired" and not entitled to old-age benefits.

Mr. Allen requested and was granted a hearing, which resulted in a hearing examiner's decision dated July 31, 1963 (TR 146). The following appears near the beginning of the decision:

> "Inasmuch as an allegation was made that claimant and his wife, Nell Allen, were business partners, they were joined as parties-in-interest by undersigned hearing examiner and both were notified that a hearing would be held in Little Rock, Arkansas, on March 23, 1963. At the hearing thus scheduled the claimant appeared and testified, but Nell Allen did not."

The decision denied Mr. Allen's claim. The examiner held that a partnership was in fact entered into, but notwithstanding the terms of the agreement calling for a 90%–10% distribution, the arrangement was actually a 50%–50% partnership.

> "A reward of less than half the business profits appears to be unrealistic, artificial, and to be a paper transaction motivated by desire to draw the benefits sought here." (TR 153.)

The examiner then held that because one-half of the business profits were in excess of the maximum earnings requirement for 1961 and 1962, Bryan Allen was not entitled to receive old-age insurance benefits. No appeal was taken from that decision.

This brings the court to a consideration of the contention raised by the defendant in his supplemental brief: that since Mrs. Allen (the plaintiff herein) was made a "party-in-interest" to the claim of her husband and did not seek review of that decision, she is now bound by the determination there that the partnership was [and is] in fact a 50–50 arrangement.

The pertinent statute, 42 U.S.C.A. § 405(h) provides as follows:

> "The findings and decision of the Secretary after a hearing shall be binding upon all individuals *who were parties to such hearing*. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency, except as herein provided. * * *" (Emphasis added.)

One of the leading cases dealing with the effect of unreviewed decisions and findings of the Secretary is Hobby v. Hodges (10 Cir. 1954), 215 F.2d 754, which held that the applicant, Hodges, because he failed to seek review of a decision denying his claim, was barred from recovering on a later claim asserting the same grounds for benefits. At page 759 the court analyzed the doctrine of res judicata and its application to Social Security actions:

> "After a final decision following a hearing, any individual who was a party to that hearing may obtain a review of such decision by civil action brought in the proper United States District Court * * *. To permit the applicant to relitigate a claim after failure to obtain a court review within the statutory time would run counter to the apparent purposes and provisions of the Act * * *. If the applicant in this case is permitted to have his claim relitigated, as he has sought to do, there would be no end to the controversy, and the provision in the statute which requires an action to be brought within sixty days after notice of a decision would become meaningless."

See, also, Pearson v. Gardner (W.D.Ark. 1967), 267 F.Supp. 498.

The provision [42 U.S.C.A. § 405 (h)] is designed to prevent relitigation of claims for benefits. It is true that the claim of Bryan Allen was for his personal benefits and the instant claim

is for the personal benefits of Mrs. Nellie Allen. ·She is not seeking to recover as the wife of Bryan Allen nor does she claim any right derived from her husband. However, in the claim of Bryan Allen, the only issue was how much of the profits he had earned during 1961 and 1962. Since they were the only partners, the amount of earnings of one would necessarily be dependent on the amount of earnings of the other. It was for this reason that Mrs. Allen was made a party to the claim of her husband. Mr. Allen's earnings were determined to be 50% of the profits for 1961 and 1962. Mrs. Allen's earnings were likewise determined to be 50% of the profits. Neither sought judicial review of that determination.

Mrs. Allen's present claim involves her earnings for the years 1963 and 1964, and she alleged that for those years her earnings were 90% of the profits of the partnership. Since she is bound by the determination with respect to 1961 and 1962, she must show some change in the profits distribution occurring after 1962. Or, in order not to be bound by that determination, she must offer evidence with respect to the distribution prior to 1963 which was not available at the time of the decision of the hearing examiner on Mr. Allen's claim. See, Pearson v. Gardner, supra.

It is clearly established by the transcript of the proceedings and the hearing examiner's decision that no new evidence was offered and that no material change took place after 1962 with respect to either the management of the operation or the distribution of the profits.

Since Mrs. Allen is bound by the prior determination that her share of the profits was 50% and her benefits were calculated on that basis, the decision below should be and is affirmed.

Therefore, an order is being entered granting the defendant's motion for summary judgment, denying the plaintiff's motion for summary judgment, and dismissing the plaintiff's complaint.