Flautte C. WOMACK

v.

John W. GARDNER, Secretary, Department of Health, Education, and Welfare, United States of America.

Civ. A. No. 67–136.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 16, 1968.

Arthur W. Macy, Duncan S. Kemp, III, Reid & Macy, Hammond, La., Hobart O. Pardue, Jr., Springfield, La., for plaintiff.

Louis C. LaCour, U. S. Atty., Eastern District of Louisiana, Norton L. Wisdom, Sp. Asst. U. S. Atty., Eastern District of Louisiana, New Orleans, La., for defendant.

WEST, Chief Judge:

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's claim for a period of disability and for monthly disability insurance benefits. It is conceded by the Government that the plaintiff meets the special disability earnings requirement as of the date of alleged disability, and the special insured status was last met on March 31, 1964.

Plaintiff filed his application for a period of disability and for disability insurance benefits on October 14, 1965, alleging that he became disabled and unable to work as contemplated by the Act on November 16, 1960. He was 34 years of age at that time. He alleged that his disability resulted from what he believes to be a heart ailment. A hearing was held and evidence received before the Hearing Examiner on December 9, 1966,

and on December 30, 1966 the Examiner concluded, in his written opinion, that:

"(a) Claimant has not sustained his burden of proof of establishing under the pre-1965 provisions of the Act that he has been precluded from engaging in any substantial gainful activity by reason of impairments while the special earnings requirements were met which can be expected to result in death or to be of long-continued and indefinite duration.

"(b) Claimant has likewise not sustained his burden of proof of establishing under the 1965 Amendments to the Act that he is the victim of medically determinable impairments resulting in inability to engage in substantial gainful activity while the earnings requirements were met which have lasted or can be expected to last a continuous period of twelve months.

"Accordingly, it is the decision of the Hearing Examiner that claimant is not entitled to the establishment of a period of disability or to disability insurance benefits under the pre-1965 provisions of the Act or under the 1965 Amendments thereto."

The Appeals Council denied plaintiff's request for review on July 14, 1967, and this suit followed.

In accordance with the provisions of Title 42 U.S.C.A. 405(g), this Court now has the

" * * * power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

The review by this Court is not a trial de novo, but instead is limited to a review for the purpose of deciding whether or not the findings of the Hearing Examiner were supported by substantial evidence. Bridges v. Gardner, 368 F.2d 86 (CA 5–1966). The findings of the Hearing Examiner, together with inferences drawn therefrom, are final and conclusive if supported by substantial evidence. N. L. R. B. v. Walton Manufacturing Company, 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829 (1962); Hobby v. Hodges, 215 F.2d 754 (CA 10—1954).

A thorough review of the record in this case leads this Court to the inescapable conclusion that there was more than ample evidence, indeed an abundance of evidence, to support the Hearing Examiner's conclusion that the plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits under the pre-1965 provisions of the Act or under the 1965 amendments thereto.

Without reiterating all of the medical evidence presented to the Hearing Examiner, suffice it to say that the Court agrees with the opinion of the Hearing Examiner and his résumé of the evidence as contained in his written opinion appearing on pages 6 through 19 of the transcript filed herein. Plaintiff was seen, from time to time, by some thirteen doctors, and was, on two different occasions, admitted to the Veterans Administration Hospital in New Orleans. As would be expected when so many doctors are involved, the medical opinions as to plaintiff's condition vary. But there is substantial evidence in this record to support the findings of the Hearing Examiner. For example, Dr. Joe M. Mac-Curdy, an internist, reported:

"I have found no organic explanation for his complaints. I do not find any objective evidence indicating that he is disabled; * * * Without the Cholecystogram and GI Series I would conclude that his complaints are phychogenic and related to his psychiatric disorder."

Then, after the completion of a radiological examination, including a GI Series, the radiologist, Dr. David S.

Malen, reported that his examination was entirely negative except for "a very mild degree of scoliosis" of the dorsal spine. As to the GI Series, Dr. Malen reported that "[t]here is no indication for an ulcer, or for a malignancy, and no other abnormality is recognized to be present."

Plaintiff was also examined by Dr. Henry B. Harvey, Jr., an internist, who concluded:

" * * * I cannot help but feel that this patient has no significant cardio-vascular disease at this time. * * * It is my feeling that this patient has no significant organic disease at this time and should be capable of working."

Dr. Clay A. Waggenspack, Jr., found plaintiff's electrocardiograms to be within normal limits, and his physical examination was essentially negative insofar as objective findings were concerned. He concluded that plaintiff "probably has true angina" and that "he could be taught to do some sort of mild sedentary work."

Dr. James R. Calvin, an internist, also found that plaintiff most likely had "a degree of heart disease, probably arteriosclerotic in nature." He concluded that "I see no reason why this man could not participate at least in sedentary work."

Dr. M. W. Jacobson, a Bureau of Disability Medical Consultant, expressed the opinion that plaintiff could work. He concluded:

"I suspect that this individual has developed a fixation of his heart symptoms, and I suspect further that his difficulty is anxiety, rather than organic heart disease."

While there were opinions of other doctors indicating a belief that plaintiff suffered from an arteriosclerotic heart disease, even these doctors all agreed that plaintiff could engage in sedentary type work. Thus, without burdening this opinion with other quotations from the record, it is apparent from the above mentioned doctors' opinions alone that there was substantial evidence in this record to justify the opinion of the Hearing Examiner that plaintiff had failed to carry the burden of proving his entitlement to benefits under the Act, and that plaintiff is not entitled to the establishment of a period of disability or to disability insurance benefits under the pre-1965 provisions of the Act, or under the 1965 amendments thereto. For these reasons, the decision of the Hearing Examiner must be affirmed and a judgment will be entered herein accordingly.