**616**

**Raymond ADAMS, Plaintiff,**

v.

**John W. GARDNER, Secretary Health, Education and Welfare, Defendant.**

No. 16380–2.

United States District Court
W. D. Missouri,
Western Division.

March 14, 1969.

Francis H. Welch, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for plaintiff.

John L. Kapnistos, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM OPINION

COLLINSON, District Judge.

Claimant, Raymond Adams, seeks judicial review of a decision by the Secretary of Health, Education and Welfare, which denied him disability benefits. In this matter, the Court's scope of review is very limited by the enabling statute, which provides:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *" 42 U.S.C. § 405(g).

The case presents a rather complicated background, which begins in September 1957. Claimant then filed an application for disability insurance benefits and for a period of disability, alleging that his disability began in August 1956, due to a nervous condition. This application was initially denied, and later denied again after reconsideration. He did not pursue the matter further.

In March of 1962, claimant filed another application for disability benefits, alleging a back, kidney, hernia, and nervous condition, which was denied initially and after reconsideration. Claimant stated the date of disability onset was August 1956. Claimant then went before a Hearing Examiner, who likewise denied the application and was affirmed in such denial when the Appeals Council refused to hear the cause. Claimant did not appeal to the District Court for review.

Claimant filed another action in August 1965, alleging "back trouble, heart, short of breath" as grounds for his application. This application was denied

initially and on reconsideration. These decisions were made under the law prior to and after the 1965 amendments to the Social Security Act. Claimant then went before a Hearing Examiner, who decided, on September 8, 1966, that claimant was not entitled to disability benefits. Claimant appealed this decision to the Appeals Council of the Social Security Administration. The Appeals Council refused to review the action, adopting the decision of the Hearing Examiner as the final decision of the Secretary. The Council advised claimant that he was entitled to seek judicial review of their decision, and this appeal followed.

Claimant last met the earnings requirement of the Act on June 30, 1960. To be entitled to disability benefits, he must have had the disabling condition at that time. In the 1963 hearing, the Hearing Examiner considered all the medical evidence then in existence. At the hearing on the 1965 application, a different hearing examiner considered the medical evidence which had accumulated in the intervening two years, with a view to determining whether claimant had submitted such new and material evidence as would entitle him to have the 1963 hearing reopened.

The doctrine of res judicata was in the case, as claimant had not appealed the adverse 1963 decision to the District Court. This decision, then, became final and binding on later claims which covered substantially the same issues. The doctrine is specifically applicable to Social Security cases, by virtue of 20 C.F.R. § 404.937, which provides in pertinent part:

"(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (citing references)."

The reason for the doctrine in the type of case here presented is aptly stated in Hobby v. Hodges, 215 F.2d 754, at 759 (10 Cir. 1954):

"If the applicant in this case is permitted to have his claim relitigated, as he has sought to do, there would be no end to the controversy, and the provision in the statute which requires an action to be brought within sixty days after notice of a decision would become meaningless."

Since the date on which claimant last met the earnings requirement of the Act was June 30, 1960, the burden is his to establish that any period of disability which prevented him from engaging in substantial gainful activity had its onset prior to that time. 42 U.S.C. § 416(i). Claimant alleged the same date of disability in his 1963 and 1965 applications. The 1963 hearing covered all the facts then in existence, and decided that claimant was not entitled to those benefits. Claimant did not appeal that decision, and therefore the doctrine of res judicata prevents him from relitigating those same questions in subsequent proceedings, absent such "new and material evidence" as would provide grounds for reopening that 1963 hearing. The Examiner on the 1965 application found no such grounds, and his decision was adopted by the Secretary.

The initial question presented, then, is whether such good cause did exist at the hearing on the 1965 application. If it did, claimant may be entitled to relief. It did not, the decision of the 1965 Examiner (affirmed by the Appeals Council), was correct in denying the claim for disability benefits based on the 1963 hearing, and claimant will have exhausted his remedies at yet another level of the administrative—judicial hierarchy.

The regulations provide:

(20 C.F.R.) § "404.958 Good cause for reopening a determination or decision."

" 'Good cause' shall be deemed to exist where: (a) New and material evidence is furnished after notice to the party to the initial determination; * * *."

Turning to the question of the new evidence submitted, it appears from the transcript filed by the Secretary that two doctors submitted a total of three reports in the two-year period prior to the decision on the 1965 application.

Dr. Zirul, who had submitted a report in 1962, submitted two additional reports, dated August 25, 1965, and August 22, 1966. His 1962 report diagnosed inflammation of the kidney and kidney stones, and remarked that claimant was a constitutional inadequate with great psychological problems. In his 1965 report, he did nothing more than repeat the diagnosis of kidney stones, and added that claimant had not worked for 10 years, due to his "emotional state." This physician also submitted a letter, dated August 22, 1966, to the effect that claimant had had kidney stones, that surgery had been performed on his right kidney and recommended as to his left, and that claimant was unable to work because of back pain. Dr. Zirul had submitted a letter in 1961 which contains identical language, except that in the 1966 letter, he stated that " * * * Removal of the stones from the left kidney has been recommended in the past." His 1961 letter was different only because he omitted the words " * * * [I]n the past." It is obvious that this does not constitute "new and material evidence."

The third item considered by the 1965 examiner but not by the 1963 examiner is a letter from Dr. Burrell, dated May 1, 1964. Dr. Burrell had previously made a similar report to the Secretary dated 1962. The 1964 report was essentially a repeat of the 1962 report, although some new elements were introduced. The Court has examined both reports closely, and concludes that the 1964 report does not differ significantly from the earlier report in any way which could be considered new and substantial evidence.

The Court finds that the three reports discussed above contain no significant new evidence, and therefore the decision of the 1965 examiner not to reopen the 1963 hearing must be sustained. Parenthetically, the Court notes that the evidence submitted in the two year interim, even if considered as part of the earlier evidence, is not of sufficient weight to require the court to direct a verdict for claimant. That, of course, is the test claimant must meet. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963).

Claimant urges that he is disabled by reason of a psychiatric impairment which was in existence at the time claimant last met the earnings requirement of the Act. There is evidence in the record to support this contention. Such impairment was repeatedly noted in the reports dated prior to 1963, as well as later reports. Claimant urges that such a condition may be just as disabling as a broken back, which is undoubtedly true insofar as the capacity to work goes. However, both hearing examiners considered this point (even though claimant did not allege that it was disabling in his latest application), and the Court has also considered it. The record does not support this claim to the required degree. Several doctors have commented on this point. For instance, Dr. Itturalde, a psychiatrist, noted in 1962 that claimant was perfectly oriented in three spheres, and that his psychiatric reaction (diagnosed from the record) was in full remission. Dr. Burrell noted in 1964 that:

" * * * [V]eteran does not appear to have gross evidence of overt psychosis or even neurosis that would be amenable to treatment. However, in retrospect it may appear that the psychiatrist's diagnosis of two years ago of the veteran's psychiatric condition being in complete remission may have been based on incomplete evidence or perhaps the symptoms have become much more striking in the past two years. * * * [A]nd the vet-

eran's chief disability, that is, the marked hypertension, is not producing any particularly disabling symptoms."

There is evidence both ways in the record on the mental issue, but of significance is one report which points out that the condition may have worsened since 1962. Dr. Burrell's report dated 1964 noted that—

"* * * It does appear from the evidence already in the case file that the veteran's emotional state has deteriorated considerably in the last two years and again, in retrospect, it appears that this tendency may be a part of the veteran's basic personality that is of the nature of a long existing psychopathic personality or incipient schizophrenic personality."

Claimant last met insured status under the Act (the 20 quarters of coverage out of the last 40 calendar quarters) on June 30, 1960. In 1963 it was determined, by resolving conflicting medical evidence, that claimant was not entitled to benefits as of June 30, 1960. That decision, not appealed to this Court, cannot be reopened now on evidence which merely shows that the condition may have worsened in the 1962–1964 time period. The date from which all others must be measured is the last time claimant met the earnings requirement—June 30, 1960.

The Court finds, as a matter of law, that the decision of the Hearing Examiner on the 1965 application (which was, in effect, that the new evidence was not of sufficient weight to warrant reopening the 1963 hearing) was correct. This being so, the principle of res judicata is properly applied, which forecloses claimant from now relitigating a claim which he could have, but did not, appeal at an earlier date.

█ The only other issue left to be determined is whether the Hearing Examiner on the 1965 application correctly determined that claimant was not entitled to disability benefits because he was disabled on or before June 30, 1960,

under the law as it stood in 1965. In 1965, the Act had been amended to provide a new definition for "disability." Prior to the Amendment, the statutory definition was:

42 U.S.C. § 416(i) (1) "* * * [T]he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, or (B) * * *."

The 1965 amendment changed the Act to read:

42 U.S.C. § 416(i) (1) "* * * [T]he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months or (B) * * *."

The 1965 amendment also provides that the disability (which must have had its onset prior to June 30, 1960) must not have terminated more than 14 months prior to the month of filing the application (August 1965), which means that claimant's disability must have continued up to June 1964. That same 1964 report from Dr. Burrell which claimant alleges is new and material evidence, contains these words:

"* * * [A]nd the veteran's chief disability, that is, the marked hypertension, is not producing any particularly disabling symptoms."

Under all the evidence and pleadings, and after having carefully reviewed the entire transcript, the Court finds that the decision of the Secretary that claimant is not entitled to benefits is supported by substantial evidence, and therefore it is conclusive. It follows that claimant's appeal to this Court must be dismissed, and it is

Ordered that the decision of the Secretary is affirmed.