## Lee Estate

*Norman J. Kalcheim,* for guardian.

KLEIN, Adm. J., October 21, 1970.—Mary M. Lee was adjudicated an incompetent by decree of this court dated October 8, 1968, and Arneda J. Hazell was appointed guardian of her estate.

The statement of proposed distribution recites that the present account has been filed because the "Funds in the hands of guardian will be exhausted by payment of accumulated maintenance charges, advances and debts."

The statement of proposed distribution lists as admitted the following claims: Calvin Presbyterian Church, Board of Deacons, loan, $300; Board of Pensions of United Presbyterian Church of U. S., loan, $1,000; and James N. Thompkins, contract for funeral expense, $1,021.45. With respect to the latter claim, the statement of proposed distribution recites that the Board of Pensions of the United Presbyterian Church of U. S., which is the principal creditor, "indicates their approval of this bill and priority payment or setting the sum aside and awarding it to Philadelphia Presbyterian Homes, Inc." for payment upon the death of the incompetent. In view of the acquiescence of the board of pensions to the contract for decedent's funeral expenses, the sum of

$1,021.45 will be awarded, as requested, to the Philadelphia Presbyterian Homes, Inc., per contract for decedent's funeral expenses, to be held in a separate account and used for payment of funeral expenses.

In the statement of proposed distribution, the guardian requests that "Social Security payments . . . be paid directly to Philadelphia Presbyterian Homes, Inc. for maintenance of the incompetent." We are often requested to make similar orders with respect to Social Security benefits payable to minors, incompetents and other persons under legal disability, by trustees, guardians and other persons interested in the welfare of such individuals. We have always refused to enter such orders, as it seems clear that we are without authority to do so.

The Congress of the United States enacted the Social Security Act to provide a number of programs which have the basic objectives of keeping individuals and families from becoming destitute due to loss of earnings, protecting older persons against the expenses of illness that could otherwise exhaust their savings, keeping families together, and giving children the opportunity to grow up in health and security. These programs are retirement insurance, survivors insurance, disability insurance, hospital and medical insurance for the aged, unemployment insurance and a number of public assistance and welfare services.

The Federal government operates the retirement, the survivors, the disability and the hospital and medical insurance programs; the others are operated by the States with Federal cooperation.* The benefits payable to the incompetent in the instant case fall within the jurisdiction of the Federal govern-

---

\* Social Security Handbook, February 1969, sec. 100.

ment and are administered by the Social Security Administration.

Section 205(a) of the Social Security Act of January 2, 1968, Pub. L. 90-248, 42 U.S.C.A. §405(a), 81 Stat. 876, gives the Secretary of the Department of Health, Education and Welfare (hereinafter referred to as "secretary,") authority to promulgate rules and regulations to carry out the provisions of the act. It provides:

"The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."

Section 205(j) of the act, 42 U.S.C.A. §405(j), provides that:

"When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person."

See also the pertinent regulation on representative payees, 20 CFR 404.1601, as amended September 22, 1970, Federal Register, Vol. 35, p. 14698, and chapter 16 of the Social Security Handbook.

A careful reading of the Act of Congress clearly indicates that the secretary is not statutorily required to make a certain category of individuals, such as legal guardians, representative payees of Social Security benefits. He may select "a relative

or some other person" and such selection of a payee is a matter legally committed to his discretion.

This question was the subject of Social Security Ruling 70-42, which states:

"The exercise of this discretion and its reviewability were issues considered, inter alia, by the United States District Court for the District of Columbia in the (unreported) case of Dostert v. Gardner, Civil No. 110-68, U.S.D.C. D. C., July 3, 1968. There the plaintiff, the legal conservator of a social security beneficiary, brought a mandamus action to compel the Secretary to pay him benefits on behalf of the beneficiary. The Secretary contended that the selection of a payee for social security benefits was by law a discretionary act (Wilbur v. U. S., 281 U. S. 206, 218 (1930) ) not subject to judicial review under the Social Security Act (Hobby v. Hodges, 215 F. 2d 754 (10 Cir., 1954) ) and that a mandamus action could not properly be brought to compel the Secretary to exercise his discretion in a particular way (Gianforti v. Ribicoff, 200 F. Supp. 451, 452 (W. D. N. Y., 1961) ). On July 3, 1968, United States District Judge H. F. Green granted the Secretary's motion to dismiss the case."

The ruling continues:

"There is also the (unreported) case of Fishbein v. Folsom, Civil No. 213-58 U. S. D. C. D. N. J., June 25, 1958, where the petitioner, the beneficiary's father, based his suit against the Secretary on his contention that, in effect, the Secretary abused his discretion in not selecting him, the petitioner, as representative payee for his child's benefits. The Secretary contended, as he did later in Dostert, cited supra, that the act was a discretionary one not subject to judicial review. On June 25, 1968, United States District Judge Thomas F. Meaney granted the Secretary's motion for summary judgment and

dismissed the plaintiff's complaint. Cf. also Chernock v. Gardner, 360 F. 2d 257, 259 (3 Cir., 1966) and Swotes v. Gardner, 392 F. 2d 428 (3 Cir., 1968)."

Our independent study leads us to the same conclusion, viz., that the right to select a representative payee is discretionary with the secretary and not subject to judicial review. Accordingly, the guardian's request that we direct Social Security payments be paid to the Philadelphia Presbyterian Homes, Inc., for maintenance of Mary M. Lee, the incompetent, is denied. If this court had the authority to make such an order, we would unhesitatingly do so, as it clearly appears to be to the best interests of the incompetent. We are confident that the Social Security Administration, in the exercise of its discretion, will reach a similar conclusion. . . .

And now, October 21, 1970, the account is confirmed nisi.