Marion M. COOPER, Petitioner,

v.

UNITED STATES of America, NATIONAL TRANSPORTATION SAFETY BOARD, WASHINGTON, D. C., Respondent.

No. 75–1618.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Oct. 14, 1976.

Decided Dec. 27, 1976.

G. W. Armor, Laverne, Okl. (Armor & Gottsch, Laverne, Okl., on the brief) for petitioner.

Robert S. Greenspan (Rex E. Lee, Asst. Atty. Gen., Leonard Schaitman, Atty., Dept. of Justice, Civ. Div., Appellate Section, Washington, D. C., on the brief) for respondent.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner Cooper seeks review of a decision of the National Transportation Safety Board denying him an airman's medical certificate. Jurisdiction lies under 49 U.S.C. § 1486(a). We affirm the decision of the Board.

An airman's medical certificate is a prerequisite to obtaining or retaining a private or commercial pilot's license, 14 C.F.R. § 61.3(c), and must be renewed periodically. Petitioner, who previously had held regularly issued medical certificates, was denied a certificate on December 1, 1969. The reason for denial was that petitioner had "a character or behavior disorder * * * severe enough to have repeatedly manifested itself by overt acts." The pertinent regulation of the Board, 14 C.F.R. § 67.13, provide that an applicant must meet certain specified requirements. Included therein is subsection (d)(1)(i)(a) which says that an applicant may have no "established medical history or clinical diagnosis" of:

"A personality disorder that is severe enough to have repeatedly manifested itself by overt acts."

A similar requirement is found in § 67.-15(d)(1)(i)(a) and § 67.17(d)(1)(i)(a).

As permitted by regulation, § 67.27, the petitioner sought reconsideration of the denial of a medical certificate. After an evidentiary hearing at which petitioner presented evidence in his behalf, the hear-

ing examiner sustained the denial of the certificate. He found that petitioner had been involuntarily discharged from the Navy, the Army, and the Air Force. He had two felony convictions; one in 1950 for transportation of forged securities and one in 1958 for transportation of a stolen motor vehicle. In the period 1965–1968, he had falsified his applications for medical certificates by stating that he had no prior criminal convictions. An expert in aviation psychiatry testified that petitioner suffered from a character behavior disorder evidenced by his commission of crimes and by a lifetime pattern of problems.

Petitioner then appealed to the Board which, on February 4, 1972, affirmed the hearing examiner by a 3–2 vote. The Board noted the history of misconduct, the falsification of applications, and the psychiatric testimony that petitioner suffered from an:

> " 'Antisocial personality, chronic, moderate to severe, manifested by a series of antisocial acts and a current pattern of active and passive resistance, unpredictable episodes of anger, denial and paranoic trends.' "

Petitioner did not seek reconsideration of the Board's order as permitted by its rules and did not seek judicial review as permitted by 49 U.S.C. § 1486(a). In 1974, petitioner again applied for a medical certificate. The Air Surgeon requested petitioner to submit to a psychiatric examination but he refused to do so. The Chief Administrative Law Judge refused a hearing, and denied the application on the ground that the issues were the same as those determined in the earlier hearing. In his appeal to the Board, petitioner asserted errors in the prior proceedings, improper "command influence," and no present personality disorder. By a 4–1 vote, the Board, on July 3, 1975, upheld the administrative law judge saying that reconsideration of its 1972 decision was barred by res judicata. The petition before us seeks review of the Board's July 3, 1975, order.

■ Petitioner says that because the Board granted review of the decision of the administrative law judge, it is precluded from denying his application on the ground of res judicata. The novel and unsupported argument does not impress us. Neither a court nor an administrative agency sitting in a judicial capacity is restricted in its decision to the issues raised by a party. The crucial question in the instant case is whether the doctrine of res judicata applies to the 1972 order of the Board.

In *Hobby v. Hodges,* 10 Cir., 215 F.2d 754, we said that res judicata applied to administrative proceedings where an applicant attempted "to relitigate a claim after [failing] to obtain court review within the statutory time * * * counter to the apparent purposes and provisions of the [administrative] Act." Ibid. at 759. *Hobby* was a case under the Social Security Act which provided for judicial review of only final decisions of the Social Security Administrator (later the Secretary of the Department of Health, Education and Welfare) after a hearing had been held on the matter. See 42 U.S.C. § 405(g). The instant case arises under the Federal Aviation Act which similar to the Social Security Act has a comprehensive scheme for judicial review of administrative decisions. The Federal Aviation Act grants jurisdiction to this court to review all orders of the National Transportation Safety Board and the Federal Aviation Administrator except in one circumstance not applicable here. See 49 U.S.C. § 1486(a).

In *Hobby* we recognized that there was no "clear rule as to when the findings and decision of an administrative body are res judicata in subsequent proceedings." The situation was clarified by *United States v. Utah Construction Company,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642. At issue was the weight which the Court of Claims should give to a previous factual determination by the Board of Contract Appeals under the Wunderlich Act. The Court said, Ibid. at 421–422, 86 S.Ct. at 1559:

> "Occasionally courts have used language to the effect that *res judicata* principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is

acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." (footnote omitted).

The Court went on to note that, Ibid. at 422, 86 S.Ct. at 1560:

"[B]oth parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings. There is, therefore, neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties." (footnote omitted).

In the matter before us, the Board acted in a judicial capacity and resolved a factual dispute which was properly before it. At an evidentiary hearing each party had a full and fair opportunity to present his side of the controversy. The statute provides for judicial review of Board action, but petitioner did not seek review.

In his 1974 application, petitioner attempted to raise one point not covered by the earlier proceedings. Petitioner says that in 1972 the Federal Aviation Administration used "command influence" to secure and use a psychiatric report damaging to him. For support, he presented two affidavits. One said that the affiant could testify that petitioner was "harassed by psychiatric evaluations" and the other stated that the affiant had "personally talked with many individuals concerning [petitioner's] case, and if called" he could "testify as to command influence in the Federal Aviation Administration concerning the disposition of [petitioner's] case." The Board found the affidavits "utterly lacking in specificity and insufficient to raise any justiciable issue." We have read the affidavits and agree.

The Board properly applied res judicata. In so doing, it stated that while reconsideration of its 1972 determination was barred by res judicata, the petitioner was free to apply for "an exemption from the regulations under 14 CFR Part 11." See 14 C.F.R. §§ 11.25, 11.27 and 11.53. Under the exemption procedure the petitioner would have to show that he is not "presently" suffering from any character behavior disorder.

The Board in its opinion specifically rejected the contention that the 1972 determination of a character behavior disorder foreclosed, at a future date, an opposite finding under the exemption procedure. While the exemption procedure would not reverse the Board's prior findings, it does provide an avenue for the petitioner to regain his pilot's license. So far as the record indicates, the petitioner has made no effort to obtain the exemption.

AFFIRMED.