Clarence **HOLLEY**, Appellant,

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

No. 25196.

United States Court of Appeals
Fifth Circuit.

June 11, 1968.

Paul Johnston, Birmingham, Ala., Clarence F. Rhea, Gadsden, Ala., James L. Shores, Jr., Birmingham, Ala., for appellant.

Macon L. Weaver, U. S. Atty., John R. Thomas, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the district court affirming the decision of the Secretary that appellant has not established disability so as to entitle him to disability insurance benefits. 42 U.S.C.A. §§ 416(i), 423.

The oral testimony of appellant revealed a serious question whether there was disability of mental, psychosomatic or psychoneurotic nature. At the conclusion of the administrative hearing the Hearing Examiner expressed uncertainty whether he should have appellant examined by a psychiatrist. He did not do so and instead relied upon minimal formal reports from a Veterans Administration hospital which themselves were not free of ambiguity about appellant's condition. This case is within the principle of Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963):

"[W]here credibility choices of a non-routine medical nature have a likely decisive significance, the record must afford some assurance on these factors. * * * [W]here the issue is not reasonably susceptible of presentation and determination on the basis of mere written, formal reports, some adequate steps must be taken to adapt a procedure which will enable the trier

of the fact to determine the truth of the matter."

Id. at 760.[1]

The case must be reversed and remanded for further hearings before the administrative agency. As in *Page,* the parties should be free to supplement the present record by other evidence, and there should be a new decision on appellant's inorganic conditions. See 311 F.2d at 763 n.7.

The judgment of the district court is vacated and the case is remanded to the Secretary for further hearing not inconsistent with his opinion.

---

**1.** See also 20 C.F.R. § 404.927:
"Conduct of Hearing.
 * * * The hearing examiner shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the hearing examiner believes that there is relevant and material evidence available which has not been presented at the hearing, the hearing examiner may adjourn the hearing or, at any time prior to the mailing of notice of the decision, reopen the hearing for the receipt of such evidence. * * *"