**John H. TOWNEND, Plaintiff,**

v.

**Wilbur COHEN, Secretary, Department
of Health, Education and Welfare,
Defendant.**

**Civ. A. No. 68–587.**

United States District Court
W. D. Pennsylvania.

Feb. 12, 1969.

Thomas A. Swope, Jr., of Swope &
Swope, Ebensburg, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., by
John H. Bingler, Jr., Asst. U. S. Atty.,
Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

On January 30, 1967, plaintiff filed with the Social Security Administration an application to establish a period of disability under § 216(i) of the Social Security Act as amended 42 U.S.C. § 416(i), and an application for disability insurance benefits under § 223 of the Act, 42 U.S.C. § 423, alleging that he became unable to engage in any substantial gainful activity in 1960[1] due to a "lung condition" and "nerves".

Plaintiff's claims were denied by the Bureau of Disability Insurance, Social Security Administration, and at plaintiff's request a hearing was held before a hearing examiner of the Social Security Administration, Bureau of Hearings and Appeals, who also denied plaintiff's claims. On May 14, 1968, the Appeals Council of the Social Security Administration advised plaintiff that his request for review by it of the hearing examiner's decision was denied; whereupon, pursuant to § 205(g) of the Act, 42 U. S.C. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary[2] denying plaintiff's claims. With his answer to plaintiff's complaint, defendant filed a certified copy of the transcript of the record of the proceedings before the Social Security Administration in compliance with § 205(g) of the Act, *supra*, and subsequently moved for summary judgment.

■ Section 205(g), *supra*, provides in its pertinent part as follows:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir.1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the record, viewing that record as a whole, and a reasonable basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir.1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir.1961).

The plaintiff last met the earnings requirements of the Act on June 30, 1964. Therefore, the Social Security Administration could have awarded disability benefits to plaintiff only if he proved that he was disabled on or before that date.

The record discloses that another disability benefits application, filed by plaintiff on July 8, 1963, was denied upon reconsideration by the Reconsideration Branch of the Administration on April 1, 1964, three months before plaintiff's disability insurance coverage expired. Another application for disabili-

---

1. At the hearing, plaintiff alleged December 31, 1961, to be the date of onset of the disability (R., pp. 56–58).

2. Since the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under § 205 of the Act. See: Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963), citing Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Subsection 205(g) of the Act, as amended September 13, 1960, Pub.L. 86–778, § 702 (a), 74 Stat. 924, provides:

"Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office." 42 U.S.C. § 405(g).

ty benefits had been filed by plaintiff on June 27, 1962, and it was denied November 23, 1962. Each of these applications alleged plaintiff's impairment to be a lung condition. The plaintiff did not request a hearing on either of these applications.

A preliminary question to which the court must address itself is whether these prior adverse determinations have a *res judicata* effect on the instant claim insofar as it relates to an alleged disability which existed prior to the first two applications.

 It is well settled that the decision of a hearing examiner or of the Appeals Council is final and has a *res judicata* effect on a Social Security claim if it is not appealed within the prescribed time. Hobby v. Hodges, 215 F.2d 754 (10th Cir.1954); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), affd. per curiam, 376 F.2d 850 (3d Cir.1967). Where, however, a prior application has not been pursued through the hearing stage, it has been held that the bar of *res judicata* does not attach. Gilliam v. Gardner, 284 F.Supp. 529 (D.S.C.1968). Cf. Staskel v. Gardner, 274 F.Supp. 861, 865 (E.D.Pa.1967).

In Gilliam v. Gardner, *supra*, 284 F. Supp. at pp. 532–533, the Court said:

"This Court, however, does not feel, in the face of * * * the Regulations established by the Secretary, that *res judicata* will attach until the claimant has gone through the hearing stage for it is at this time that the claimant can produce evidence, either in the form of documents or testimony. It is also at this stage that the proceedings take the form of litigation, that the claimant is likely to be represented by counsel, and that a decision on the merits is reached. * * *

"The true impact of the *Hobby*, supra, seems to sustain the position that the process must go through at least the hearing stage. This is the only step which is in the nature of a judicial proceeding which would require a taking of evidence, finding of fact and decision based thereon. The findings and decision of the hearing examiner become final either by lapse of time or court review.

"The hearing stage is the administrative phase that litigation is anticipated. Therefore, since the doctrine of *res judicata* seeks to avoid relitigation between the same parties and the same issues, it is only reasonable that it should not attach until there has been a hearing."[3]

The reasoning of *Gilliam* is reinforced by § 205(h) of the Act, 42 U.S.C. § 405(h), which provides:

"The findings and decisions of the Secretary *after a hearing* shall be binding upon all individuals *who were parties to such hearing.* * * *" (Emphasis supplied.)

 Applying the above reasoning, we hold that the periods covered by the plaintiff's prior applications were not beyond the scope of consideration of the hearing examiner.

 " '[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.' " Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir.1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964); Hodgson v. Celebrezze, 312 F.2d 260, 263 (3d Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927, 931 (E.D.Pa.1959).

Section 223(d) of the Act, 42 U.S.C. § 423(d), as added by the "Social Security

---

3. The pertinent regulations referred to by the court provide that a decision of the Social Security Administration is final and binding on the parties, regardless of the stage at which the decision is made, un-
less the appropriate review or hearing procedure is invoked or certain other conditions, not relevant here, exist. See: 20 CFR §§ 404.908, 404.916, 404.957, 404.958.

Amendments of 1967", § 158(b), 81 Stat. 868, defines "disability" for purposes of governing disability insurance benefits as follows:

"(d) (1) The term 'disability' means —

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

" * * *

"(2) For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

" * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

" * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

" * * * ."

The definition of "disability" under § 216(i) (1) of the Act, 42 U.S.C. § 416(i) (1), as amended by § 158(d), 81 Stat. 869, is the same.

The above amendments, approved January 2, 1968, are made applicable to the present case by § 158(e), 81 Stat. 869, which provides that the amendments "shall be effective with respect to applications for disability insurance benefits under section 223 of the Social Security Act, and for disability determinations under section 216(i) of such Act", where the decision in a civil action commenced under section 205(g) has not become final before the month of their enactment.

We have reviewed the record upon which the hearing examiner based his decision and conclude that on the record as a whole, the Secretary's decision that the plaintiff was not precluded from engaging in any substantial gainful activity is not supported by substantial evidence as that term is defined by the Supreme Court of the United States in the case of National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S. Ct. 501, 505, 83 L.Ed. 660 (1939):

"Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

The plaintiff was born on August 28, 1915, and, on June 30, 1964, the last date on which he met the earnings requirements of the Act, he was 48 years old. He has lived all of his life in Beaverdale, Pennsylvania, which is located 16 miles south of Johnstown. He complet-

ed the tenth grade of formal education in a general course. He has had no other formal education or training. In November, 1932, plaintiff began working in the coal mines and worked continuously as a coal miner until April or May, 1959, when the mining operation closed. During his employment in the mine, he operated a joy loader, a cutting machine and a coal mole and he worked as a machine and hand loader. The plaintiff did not serve in the military because he had an occupational deferment. After plaintiff was laid off, he worked approximately 18 hours in 1962 and 1963 operating a 60-pound pile driver with another man driving post holes. Although plaintiff testified that he could not continue the pile-driver work, he also stated that he thought he could "handle" from 30 to 35 pounds in October, 1963. Until late 1961, plaintiff applied for various jobs, mostly involving coal mining and highway construction, but was unsuccessful in his applications.

After reviewing the testimony of plaintiff and of a vocational witness and the exhibits, the hearing examiner made the following findings:

" * * *

"2. No new and material evidence has been offered to warrant reopening and revising the determinations in the proceedings instituted by prior applications filed on June 27, 1962 and July 8, 1963 within the purview of Sections 404.957 and 404.958 of Social Security Administration Regulations No. 4 (20 CFR 404.957 and 404.958).[4]

"3. The evidence of record fails to establish that the claimant's pulmonary condition and other alleged impairments existed in sufficient severity on or prior to June 30, 1964 so as to preclude performance of any substantial gainful work.

"4. The evidence of record fails to establish that the claimant had an impairment or combination of impairments which precluded him from engaging in substantial gainful activity at any time on or prior to June 30, 1964.

"5. On and prior to June 30, 1964, claimant could perform the light and sedentary jobs listed by an impartial vocational expert which existed in the economy of Johnstown, Pennsylvania, and in the general area of his residence.

" * * * *"

(R., pp. 29–30.)

Implied in the examiner's findings is a finding that plaintiff was precluded from his prior occupation of coal miner. Such a finding is supported by the overwhelming weight of the substantial evidence. The plaintiff's lung condition was variously diagnosed as due to (1) emphysema (reports of Conemaugh Valley Hospital, Dr. Bradley, Dr. Goldman), (2) pneumoconiosis (reports of Conemaugh Valley Hospital, Dr. Langwell, Dr. Katter, Dr. Novak), (3) anthracosilicosis (reports of Dr. Bradley, Dr. Katter), and (4) silicosis (report of Dr. Goldman).[5] The only medical report which does not contain a diagnosis of lung disease is that of Dr. Brostoff. This physician's tests, however, were directed to the possibility of cardiopulmonary problems.

There is, however, no substantial evidence supporting the conclusion that the plaintiff was not disabled within the meaning of the Act.

4. The hearing examiner's assumption that plaintiff's application was to reopen the prior determinations is erroneous. This application was a new matter. Because no hearing was held regarding the earlier applications, the prior determinations should have been disregarded.

5. The reports of Dr. Katter and Dr. Novak were written long after plaintiff's insured status had terminated. They are relevant to prove that plaintiff's lung condition, which existed prior to June 30, 1964, continued up to the last date of plaintiff's eligibility.

■■ Plaintiff having met his burden of proof of disability to engage in his prior occupations, the burden of proof shifted to the Secretary to prove that other jobs, which were within plaintiff's competence, were available to him. Baker v. Gardner, 362 F.2d 864, 868 (3d Cir.1966); Bujnovsky v. Celebrezze, *supra*, 343 F.2d at p. 871. In order to meet his burden of proof, the Secretary must prove that there existed reasonable employment opportunities for plaintiff. In discussing the Secretary's burden of proof, the Court of Appeals for the Third Circuit has said:

"Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Janek v. Celebrezze, *supra*, 336 F.2d at p. 833.

Whether a reasonable opportunity existed is to be determined in the light of the claimant's impairments, age, education, training, work experience, and the labor market. Bujnovsky v. Celebrezze, *supra*. Cf. Janek v. Celebrezze, *supra;* Hodgson v. Celebrezze, *supra*.

Although the medical evidence supports a conclusion that plaintiff could perform light or sedentary work, the issue is whether in 1964 he had a reasonable opportunity to secure such employment on a regular, full-time basis.

The hearing examiner's conclusion that plaintiff was not precluded from substantial gainful activity rests on the testimony of a vocational consultant. This witness gave his opinion that there were a number of light or sedentary jobs which the plaintiff could perform. The consultant heard plaintiff's testimony at the hearing and otherwise formed his opinions from a review of the documentary evidence. He conducted no tests or personal interviews. He testi-fied as an expert witness in response to hypothetical questions. For documentation of job requirements, he relied upon descriptions selected from the Dictionary of Occupational Titles and other similar sources. Reliance on such catalogue studies as evidence of ability to do gainful work has repeatedly been disapproved.[6] Moreover, there is no evidence that, considering plaintiff's age, education, work experience, training and the labor market, the plaintiff had a "reasonable opportunity" to secure employment at any time between December 31, 1961 and June 30, 1964.

There is substantial evidence in addition to the medical evidence which would support a finding of disability. The defendant testified that he has back and chest pain, and that he cannot sit or stand for more than an hour and a half without discomfort. He has shortness of breath after moderate activity such as climbing a set of stairs. Although these symptoms would not support a finding of disability, absent a medically determined impairment, they are nonetheless substantial evidence of the severity of plaintiff's impairment which has been medically determined. Furthermore, since 1940 plaintiff has had effective vision in only one eye. He has no special skills or training except in coal mining. Not only was he admittedly incapable of performing this occupation, but also he has been declared disabled due to silicosis by the Pennsylvania Workmen's Compensation Board.

In view of this evidence and because the Secretary's determination is not supported by substantial evidence, the decision disallowing disability benefits must be reversed.

An appropriate order will be entered.

6. See: Baker v. Gardner, supra, 362 F.2d at pp. 869–870, and cases therein cited; and for a comment indicating that use of the Dictionary of Occupational Titles means little in the way of proof of what a person with physical impairments can do, see Colwell v. Gardner, 386 F.2d 56, 67–68 (6th Cir. 1967).