**Joseph WINTER, Plaintiff,**

**v.**

**Robert FINCH, Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.**

**No. 69 Civ. 2224.**

United States District Court,
S. D. New York.

Sept. 28, 1970.

Kadanoff & Haussman, Brooklyn, N. Y., by Arthur J. Haussman, Brooklyn, N. Y., for plaintiff.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, for defendant; Yale L. Rosenberg, Asst. U. S. Atty., of counsel.

## OPINION

BONSAL, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a decision of the defendant Secretary of the Department of Health, Education and Welfare (the Secretary) denying plaintiff's claim for disability in-

surance benefits based on an application dated October 19, 1967. Defendant moves pursuant to Rule 12(b), F.R.Civ. P., for an order dismissing the complaint on the ground that plaintiff's claim for relief is barred by the doctrine of *res judicata*.[1]

There is little dispute with respect to the factual background. On May 27, 1964, the plaintiff filed an application with the Social Security Administration of HEW (the Administration) for disability insurance benefits, claiming that he suffered from a disabling "nervous condition." This application was denied, and the denial was affirmed upon reconsideration. On December 2, 1965, plaintiff was notified:

"If you believe that the reconsideration determination is not correct, you may request a hearing before a hearing examiner of the Bureau of Hearings and Appeals. If you want a hearing, you must request it not later than 6 months from the date of this notice. You should make any such request through your Social Security District Office, 1657 Broadway, New York, New York 10019. Read the enclosed leaflet BHA–1 for a full explanation of your right to appeal."

Plaintiff did not request a hearing before a hearing examiner and took no further action with respect to his May 27, 1964 application.

Thereafter, on October 19, 1967, plaintiff filed a second application for disability insurance benefits again claiming a disabling "nervous condition." This application was denied initially and upon reconsideration. On November 15, 1968, plaintiff filed a timely request for a hearing before a hearing examiner. On February 28, 1969 a hearing examiner of the Administration issued an order dismissing plaintiff's request for a hearing, stating in part:

"[T]he issue herein, for the same party, was decided by the Bureau of Dis-

ability Insurance on November 30, 1965. No new and material evidence with respect to claimant's condition on or prior to September 30, 1949 has been received by the Administration to warrant reopening of the November 30, 1965 reconsideration determination.

"As a result of the foregoing, the Request for Hearing filed on November 15, 1968 is hereby dismissed. The reconsideration determination of November 30, 1965 will continue to be effective."

On March 5, 1969 the plaintiff sought a review of the hearing examiner's decision by the Appeals Council of the Administration, and by letter dated March 27, 1969 he was advised of the Appeals Council's decision that the "dismissal action of the hearing examiner is correct" and that "the determination dated December 2, 1965, stands as the final decision of this Department."

Thereafter, plaintiff instituted the present action on the ground that the order denying him a hearing was not in accordance with law and was against the weight of the evidence "in that the plaintiff suffers from mental impairment of such severity that it makes it impossible for him to engage in his usual occupation or in any other kind of substantial gainful activity [and in that] plaintiff [was] determined to be 100% disabled by the Veteran's Administration."

At the outset, the court must determine whether it has jurisdiction to entertain this suit. With respect to judicial review of the Secretary's decision, 42 U.S.C. § 405(g) provides:

"(g) Judicial Review.

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within

---

1. While defendant's motion to dismiss the complaint was argued on January 20, 1970, the administrative record in this matter was not produced until July 2, 1970.

sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *"

■ No hearing has ever been held with respect to plaintiff's claim for disability insurance benefits, and a literal reading of § 405(g) leads to the conclusion that "such an action can be brought only where the plaintiff *has had a hearing* and has otherwise duly exhausted the administrative remedies and has obtained a 'final decision of the Secretary made after a hearing to which he [the plaintiff] was a party * * *.'" (Emphasis added.) Henderson v. Celebrezze, 239 F.Supp. 277, 280 (W.D.S.C. 1965); *see also,* Rosen v. Celebrezze, 254 F.Supp. 280, 281 (N.D.N.Y.1964).

■ However, jurisdiction may be based on Section 10 of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.,* as amended, which provides for judicial review in a case such as plaintiff's where no hearing has been held. *See,* Cappadora v. Celebrezze, 356 F.2d 1, 5 (2d Cir.1966). *See also,* Citizens Committee for the Hudson Valley v. Volpe, 425 F.2d 97 (2d Cir.1970); Kletschka v. Driver, 411 F.2d 436 (2d Cir.1969).

Defendant contends that the disposition of plaintiff's first application became final and conclusive upon plaintiff's failure to request a hearing; that the hearing examiner's dismissal of plaintiff's request for a hearing on the merits of his second application was proper on the ground of *res judicata;* and that plaintiff's action seeking review of the hearing examiner's dismissal order is likewise barred by *res judicata.*

In his affidavit in support of defendant's motion to dismiss the complaint, James H. Nease, Chairman of the Appeals Council and Bureau of Hearings and Appeals of the Social Security Administration of HEW, stated that:

"The Plaintiff's request for a hearing filed on November 15, 1968, was properly dismissed [by the hearing examiner], as the application filed on October 19, 1967, concerned the same party on the same facts pertinent to the same issues which had been previously decided and had become *res judicata.* The dismissal action was proper and *does not constitute a final decision of the Secretary on the merits.*" (Emphasis added.)

However, under the Administrative Procedure Act, the dismissal order, as affirmed by the Appeals Council, was final agency action subject to judicial review, and the court is empowered to:

"(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions, found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law * * *." (5 U.S.C. § 706)

Defendant's assertion that the hearing examiner properly dismissed plaintiff's request for a hearing is based on 20 C. P.R. § 404.937 which provides in pertinent part:

"The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision * * *."

In opposition to defendant's motion to dismiss, plaintiff makes two arguments: (1) The doctrine of *res judicata* should be held inapplicable where a plaintiff

seeking disability insurance benefits "has never had a hearing and has never engaged in anything remotely resembling the judicial process"; and (2) Invocation of the doctrine of *res judicata* in the circumstances of this case (where plaintiff is a person of limited education, whose original application was made *pro se* and who is claiming a mental disability) was an abuse of the hearing examiner's discretion.

■ It is well settled that the decision of a hearing examiner, or of the Appeals Council, is final and has a *res judicata* effect on a claim for disability insurance benefits if it is not appealed within the prescribed period. Hobby v. Hodges, 215 F.2d 754 (10th Cir.1954); Moore v. Celebrezze, 252 F.Supp. 593 (E.D.Pa.1966), aff'd per curiam 376 F.2d 850 (3d Cir.1967); Townend v. Cohen, 296 F.Supp. 789 (W.D.Pa.1969); Pizzolato v. Secretary of the Department of Health, Education and Welfare, Dkt. No. 69 Civ. 2724 (S.D.N.Y. April 14, 1970).

However, the courts are in conflict as to whether *res judicata* can be invoked in a case in which there has never been a hearing before a hearing examiner. *Compare*, Gilliam v. Gardner, 284 F.Supp. 529, 532–533 (D.S.C.1968) with Domozik v. Cohen, 413 F.2d 5, 8 n.9 (3d Cir.1969) (per curiam).

■■ The court need not choose between these opposing viewpoints, however, as for reasons hereinafter stated, the hearing examiner's dismissal of plaintiff's request for a hearing on the merits of his second application was an abuse of discretion.

The administrative record in this matter reveals that plaintiff was admitted to the Veterans' Administration facility at Northport, New York, on September 16, 1944. At that time, the diagnosis was "dementia praecox, catatonic type." Plaintiff was given a medical discharge from the Army on October 1, 1944, and has been rated "100% disabled" by the Veterans' Administration since that time. While the record indicates that plaintiff received outpatient treatment on a number of occasions, the next record of plaintiff's hospitalization is in 1955. There is no record of any hospitalization for mental disease during the period 1955–1962, but since the fall of 1962, plaintiff has been hospitalized and received outpatient treatment on numerous occasions, having been diagnosed "schizophrenic reaction, chronic, undifferentiated type, competent." Plaintiff first applied for disability insurance benefits on May 27, 1964, shortly after his extensive hospitalization began.

"[T]he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir.1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir.1964); Townend v. Cohen, *supra*, 296 F.Supp. at 791.

According to defendant, plaintiff's first application for disability insurance benefits was denied on the ground that:

"to qualify for disability benefits, the applicant must have worked 20 calendar quarters (5 years) during a 10-year period ending *in or after* the calendar quarter in which he became disabled. * * * Plaintiff last met this earnings requirement as of September 30, 1949. Since plaintiff worked throughout 1953, it was reasoned that he could not have been disabled as of September 30, 1949 * * * For this reason, [plaintiff's] 1964 application for disability benefits was denied."

What is apparently a minor period of remission (1953) is relied upon the Administration to indicate that plaintiff was not disabled as of 1949. However, plaintiff's employment record between the time of his discharge in 1944 and his hospitalization in 1955 reveals the following: two quarters of gainful employment in 1945; none in 1946, 1947, or 1948; one quarter in 1949; none in 1950; one quarter in 1951; none in

1952; four quarters in 1953; and one quarter in 1954.

From a consideration of the entire administrative record, the court concludes that there are factual issues concerning the extent of plaintiff's mental impairment and whether that impairment resulted in his inability to engage in any substantial gainful activity. As stated in Leftwich v. Gardner, 377 F.2d 287, 291 (4th Cir.1967):

"The test is not whether Leftwich by willpower can stay on his feet yet another day—but whether objectively and in the totality of circumstances, including especially his afflictions, he is disabled within the meaning of the Social Security Act. Substantial medical evidence establishes that claimant was totally and permanently disabled. In spite of such disablement, he chose to work every day to support his family. The statute defines disability as an 'inability to engage in any substantial gainful activity.' In this case, the emphasis properly is on *inability*. We think the Congress did not intend to exclude from the benefits of the Act those disabled persons who because of character and a sense of responsibility for their dependents are most deserving."

To date, no hearing has been held to determine these issues.

Plaintiff's first application for disability insurance benefits was made *pro se*. The record indicates that he left school at the age of 13, after 8th grade. Plaintiff was given a psychiatric screening examination by Veterans' Administration examiners on September 18, 1964, less then nine months before plaintiff's first application was made. The examiner reported, "His replies are coherent and relevant. His contact·with

reality is impaired. Insight and judgment are defective."

Under the circumstances of this case, the hearing examiner's dismissal of plaintiff's request for a hearing on the merits of his October 19, 1967 claim on the ground of *res judicata* was an abuse of discretion. In Staskel v. Gardner, 274 F.Supp. 861, 865 (E.D.Pa.1967), the court stated:

"* * * [T]his Court is reluctant to approve the use of a technical defense such as res judicata to bar a semiliterate, uncounseled claimant from benefits to which she may well be entitled, particularly where the prior proceedings relied upon as a bar were perfunctory administrative proceedings of a nonadversary nature and where the very notice of denial could well suggest to a person such as the claimant that the denial was not final. Such a defense is peculiarly inappropriate where the Secretary's duty in administering the statute is to see that those who are entitled to benefits under the statute receive them." (Footnotes omitted.)

*See also,* Grose v. Cohen, 406 F.2d 823 (4th Cir.1969).

The court directs remand of plaintiff's case to the Secretary for reconsideration, and for a hearing before a hearing examiner at which both parties may present such evidence as may be relevant to a determination of the factual issues. In light of the Veterans' Administration finding of 100% disability and the reports of doctors who have examined the plaintiff, the court directs that plaintiff be given a mental examination on remand with a view toward ·ascertaining the state of plaintiff's mental condition as of the last date (or any appropriate earlier date) [2] on which he fulfilled the

2. In his memorandum in opposition to defendant's motion, plaintiff asserts that, "it appears that the disability of the claimant extends all the way back to September, 1944, and notwithstanding any other considerations of the Social Security Administration, a determination should be made as of the 1944 date and the eligibility of the claimant could and should be determined based upon his prior employment and Military Service." It is not necessary for the court to consider this assertion, however, in light of the court's direction that plaintiff's case be remanded to the Secretary for reconsideration.

requirements for eligibility under the Social Security Act. *See*, Pulaski v. Finch, 415 F.2d 613 (3d Cir.1969); Holley v. Gardner, 396 F.2d 145 (5th Cir. 1968); Hall v. Celebrezze, 217 F.Supp. 905 (M.D.N.C.1963).

Defendant's motion for an order dismissing plaintiff's complaint is denied. Plaintiff's case is remanded to the Secretary for reconsideration in accordance with the foregoing opinion.

It is so ordered.