**Charles TERRICK**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education, and Welfare.**

**Civ. A. No. 70–501.**

United States District Court,
W. D. Pennsylvania.

Jan. 6, 1971.

■

Charles Terrick, pro se.

Richard L. Thornburgh, Pittsburgh, Pa., for plaintiff.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. On January 23, 1970, the Hearing Examiner rendered a decision upon plaintiff's third application for a period of disability and disability insurance benefits, holding that plaintiff is entitled to a period of disability commencing no earlier than July 8, 1968 and not on August 1, 1966, as contended by plaintiff. The decision of the Hearing Examiner became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on April 29, 1970.

Plaintiff filed a first application for Social Security benefits on November 17, 1966, claiming that he became unable to work on August 1, 1966 as a result of poor eyesight and a heart condition. The claim was denied initially and upon reconsideration by the Bureau of Disability Insurance. Plaintiff requested a hearing. The request was granted and a hearing was conducted on November 27, 1967, at which time plaintiff was represented by counsel. On December 7, 1967, Hearing Examiner Dillman denied relief. Although due notice of plaintiff's right to appeal to the Appeals Council was sent to both plaintiff and his counsel, no appeal was taken from the Hearing Examiner's decision.

A second application was filed on August 5, 1968, wherein plaintiff claimed he became unable to work on August 1, 1966 as a result of a heart condition, epileptic seizures, poor vision and a weakness in his arms and legs. The application was denied by the Bureau of Disability Insurance on January 2, 1969. No further action was taken upon this application by plaintiff.

Plaintiff filed a third application, the instant one, on May 14, 1969 alleging that he became unable to work on August 1, 1966 due to impaired vision and a heart condition. The Bureau of Disability Insurance established a period of disability commencing on January 28, 1969, with benefits payable beginning in August of 1969. Reconsideration was denied. Plaintiff then requested and

was granted a hearing by Hearing Examiner Dillman. By his decision dated January 23, 1970, Hearing Examiner Dillman determined that plaintiff's disability, which continues to date, commenced on July 8, 1968 rather than January 28, 1969, as determined by the Bureau of Disability Insurance. Plaintiff sought review from the Appeals Council, which was denied, and then timely filed the instant suit.

Defendant filed an Answer to the Complaint, together with a copy of the transcript of record of the administrative proceedings before the Social Security Administration. Defendant then filed a Motion for Summary Judgment which was heard by the Court on October 8, 1970. Plaintiff represented himself at this hearing. Upon a complete review of the administrative record, the Court is constrained to grant the Motion.

Pertaining to the scope of judicial review, § 205(g), *supra*, provides as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *"

Under this section and § 10(e) of the Administrative Procedure Act, 5 U.S.C. A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

In his January 23, 1970 decision upon plaintiff's third application, the Hearing Examiner indicated that he had reviewed all of the medical evidence received at the hearing upon plaintiff's first application in addition to the medical evidence received at the hearing upon plaintiff's third application. Considering all of the medical evidence, the Hearing Examiner determined that

there was no cause to reopen or revise his initial decision of December 7, 1967 denying plaintiff's first application. Accordingly, he considered his initial decision final and binding upon the issue of any disability existing on or before December 7, 1967.

[1] The Court similarly must recognize the finality of the Hearing Examiner's decision of December 7, 1967. Plaintiff did not appeal to the Appeals Council from the decision within the time provided. He thereby also precluded himself from a timely review by the District Court. Section 205(h) of the Act, provides that:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. * * *"

By virtue of plaintiff's failure to appeal from the first decision of the Hearing Examiner, it became the final decision of the Secretary and must be afforded a res judicata effect upon plaintiff's present application to the extent that it is based upon a disability alleged to have occurred prior to the filing of his first application. Gentile v. Gardner, 298 F. Supp. 1401 (W.D.Pa.1969); Townnend v. Cohen, 296 F.Supp. 789 (W.D.Pa. 1969); Mullins v. Cohen, 296 F.Supp. 181 (W.D.Va.1969).

■ There is substantial evidence to support the Hearing Examiner's finding that plaintiff first became disabled within the meaning of the Act on July 8, 1968. Prior to that date plaintiff suffered from a number of conditions, including cataracts which had been surgically corrected in 1962 and 1963, fainting spells, a "fast heart", varicosities of his legs, mild pneumoconiosis, early arthritis of the spine and a slight tendency to lordosis, all of which the Hearing Examiner found in his first decision were not such as to preclude plaintiff from performing various forms of light

work. The medical evidence offered in support of plaintiff's third application indicated no significant change in these conditions, or the development of others, from the date of filing of plaintiff's first application to July 8, 1968.

On July 8, 1968, plaintiff fell due to a weakness in his knee. He was admitted to Homestead Hospital, where surgery was found necessary. However, a genital-urinary tract infection was discovered, which necessitated a prostatectomy before the knee surgery could be performed. Surgery then was performed to remove a torn lateral medial meniscus in plaintiff's right knee. Since that time, plaintiff has walked with a cane. This constituted substantial evidence to support the Hearing Examiner's finding that plaintiff's general condition worsened on July 8, 1968 and that his combined impairments rendered him disabled as of that date.

Defendant's Motion for Summary Judgment therefore must be granted.