Alvie **WOODRUM**, Plaintiff,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 70–112.

United States District Court, S. D. West Virginia, Charleston Division.

Jan. 18, 1971.

---

P. W. Hendricks, Madison, W. Va. for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION

FIELD, Chief Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare which denied plaintiff's application for a period of disability or disability insurance. Defendant has moved to dismiss the complaint on the grounds that the Court lacks jurisdiction over the subject matter and that the plaintiff fails to state a claim upon which relief can be granted.

From the record, it appears that the plaintiff filed his first application for a period of disability and for disability insurance benefits on April 9, 1963. That application was denied initially and on reconsideration. The denial was affirmed by a hearing examiner on February 17, 1964. The plaintiff requested the Appeals Council to review the hearing examiner's decision, and on April 22, 1964, the Appeals Council denied the plaintiff's request and advised him by letter of his right to judicial review. However, the plaintiff took no further action on that application. On April 15, 1965, the plaintiff filed a second application for a period of disability and for disability insurance benefits. That application was also denied initially and on reconsideration. The denial was affirmed by a hearing examiner on April 28, 1966. The plaintiff requested a review of the hearing examiner's decision, but on July 25, 1966, the Appeals Council denied the plaintiff's request and advised him by letter of his right to judicial review. The plaintiff, through his attorney, on January 6, 1967, requested an extension of time in which to commence a civil action, but on January 26, 1967, the Appeals Council refused to grant an extension, and that application was not further pursued. On May 11, 1967, the plaintiff filed a third applica-

tion for a period of disability and disability insurance benefits. That application was also denied initially and on reconsideration. The plaintiff took no further action on that application. On August 21, 1969, the plaintiff filed a fourth and final application for a period of disability and for disability insurance benefits. That application was also denied initially and on reconsideration, and on January 31, 1970, the plaintiff filed a request for hearing. On March 17, 1970, a hearing examiner dismissed the plaintiff's request for a hearing on the basis of *res judicata*. The plaintiff requested the Appeals Council to review the hearing examiner's action. By letter dated April 17, 1970, the plaintiff was advised of the Appeals Council's conclusion that "the dismissal action of the hearing examiner is correct" and that "the hearing examiner's decision dated April 28, 1966, stands as the final decision" of the Secretary. Plaintiff then filed this action for review of the Secretary's decision.

■ In enacting the Social Security Act, Congress provided that no judicial review of an administrative decision can be obtained unless an action is filed within sixty days after the claimant is given notice of an adverse final decision by the Secretary. 42 U.S.C.A. § 405(g). Furthermore, a final decision, which is not reviewed promptly, is binding on the claimant. 42 U.S.C.A. § 405(h). These restrictions on the power of federal courts to review Social Security matters necessarily imply the existence of an administrative form of *res judicata*.

In Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), the Court held, however, that administrative *res judicata* should not, in Social Security matters, be so inflexibly applied as to work manifest injustice. This holding was admittedly refined somewhat in Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970), where the Court held that the *Grose* decision only barred administrative res judicata in cases where the Secretary's decision was

founded on error manifest on the face of the record.

■ From the hearing examiner's decision of February 17, 1964, which is contained in the record, it appears that plaintiff failed to complete even the first grade of school. There is also contained therein reference to ˜a report of Dr. Kitching, a psychiatrist, who examined the plaintiff on behalf of the government. Dr. Kitching's report indicates that the plaintiff functions in the upper range of the mentally defective, manifested primarily by inadequate intellectual endowment and inadequate interpersonal relationships. The report indicates that the plaintiff is unable to read or write and that he could not do simple calculations or make change. Another psychiatric report, that of Dr. Malcolm G. MacAulay, was contained in the hearing examiner's decision. Dr. MacAulay made a diagnosis of inadequate personality relative to the claimant, manifested by a history of poor school and work adjustment, passive aggressiveness, covert hostility, and a history of somatizations. Dr. MacAulay felt that a deep-seated personality disorder is the basis of the plaintiff's somatization, as well as his inadequate adjustments, and commented further that the chances of plaintiff ever returning to gainful employmenť seemed slight.

The term disability is defined in the Social Security Act, 42 U.S.C.A. §§ 416 (i) (1) and 423(d) (1) (A), as:

"＊ ＊ ＊ inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."

It is well recognized that since the purpose of the Social Security Act is remedial, its provisions should be liberally construed to accomplish the beneficent results intended. Bailey v. Gardner, 269 F.Supp. 100 (S.D.W.Va.1967); Blank-

enship v. Celebrezze, 232 F.Supp. 229 (S.D.W.Va.1964); Pruitt v. Flemming, 182 F.Supp. 159 (S.D.W.Va.1960). In *Pruitt*, this Court stated that while mere inability to follow one's customary occupation is not sufficient to establish disability under the Act, neither is a claimant required to be bedridden and completely helpless in order to get disability benefits. It would be unjust then to say that a man who cannot hold a job because he is mentally deficient is not disabled unless he is so severely deficient that he cannot even tell where he is or what he is doing. It may be that with appropriate psychiatric treatment or therapy plaintiff could be improved considerably and even become a capable productive member of the community. However, it should be noted that psychiatric treatment is not readily available to the rural poor in southern West Virginia. Furthermore, it must be remembered that those who suffer mental deficiencies are not likely to recognize either their need of treatment or the benefit it can bestow upon them.

While I am well aware of the relative restrictive limits of the *Grose* decision as explicated in the *Easley* opinion, I am of the opinion that the present case meets the criteria of those two cases for relaxing the principle of administrative *res judicata*. Specifically, my examination of the administrative record persuades me that the Secretary's decision was unquestionably founded upon error manifest on the face of the record within the meaning of *Easley;* and furthermore, that to affirm the Secretary's decision on the basis of administrative *res judicata* would in this case work a manifest injustice within the meaning of the *Grose* decision.

Accordingly, the defendant's motion to dismiss will be denied and an order granting plaintiff a period of disability and disability insurance benefits will be entered. Counsel may prepare an appropriate order incorporating this opinion by reference therein.