**Frederick COURLL, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. S–2674.**

United States District Court, E. D. California.

Feb. 15, 1975.

Meyerhoff, Denvir, Gunterman & Tom, Brian Tom, California Rural Legal Assistance, Marysville, Cal., for plaintiff.

Dwayne Keyes, U. S. Atty., William B. Shubb, Chief Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

On September 12, 1959, plaintiff Frederick Courll was involved in an automobile accident which resulted in alleged brain damage as well as other physical injuries. Plaintiff first filed for social security disability insurance benefits pursuant to Title 42 U.S.C. §§ 416(i) and 423, on August 31, 1960. As will be hereafter enumerated, this was the first of nine separate claims for disability insurance benefits which plaintiff was to file between August 31, 1960, and February 17, 1972. The case was

brought to this court on January 2, 1973, seeking judicial review pursuant to Title 42 U.S.C. § 405(g), which establishes judicial review by the district courts of final decisions by the Secretary of Health, Education, and Welfare.

Plaintiff filed an amended complaint in this case on October 19, 1973, alleging that jurisdiction of this court was invoked on six separate bases: (1) Title 42 U.S.C. § 405(g) (action for review of final decisions of the Secretary of Health, Education, and Welfare); (2) Title 28 U.S.C. § 1331 (federal question jurisdiction where the amount in controversy exceeds $10,000); (3) Title 28 U.S.C. § 1361 (action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff); (4) Title 28 U.S.C. §§ 2201, 2202 (action seeking a declaration of rights); (5) Title 5 U.S.C. §§ 701–706 (action by a plaintiff suffering legal wrong or adversely affected or aggrieved because of agency action); (6) the due process clause of the Fifth Amendment to the United States Constitution.

Plaintiff asks this court to grant his claim for social security disability insurance benefits, or in the alternative, to remand the case to the Secretary of Health, Education, and Welfare for a hearing and determination on the merits. On these alternative prayers, plaintiff has moved this court for summary judgment pursuant to F.R.Civ.P. 56. The Secretary, on the other hand, has moved this court to dismiss plaintiff's claim on the basis that plaintiff has failed to state a claim upon which relief can be granted, and that this court is without jurisdiction over the subject matter of the action. The case is here now on plaintiff's motion for summary judgment and the Secretary's motion to dismiss.

The legal questions presented by this case are not the typical questions facing a court in social security review. Normally, plaintiffs in social security dis-

ability insurance cases which reach this court have been denied disability insurance benefits as the result of a hearing by an administrative law judge and determination by the Appeals Council. In such cases the sole question which this court must face is whether the record as a whole contains substantial evidence to support the factual findings of the Secretary. Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971); Rhinehardt v. Finch, 438 F.2d 920 (9th Cir. 1971). In the instant case, plaintiff has never had an adjudication of his disability claim on the merits. Plaintiff's claim has been denied by the Secretary on the basis of "administrative res judicata".

Two major questions are presented by this case: (1) Does a district court have jurisdiction to review a decision of the Secretary of Health, Education, and Welfare which denied an application for social security disability insurance benefits on the basis of administrative res judicata? (2) Can the doctrine of administrative res judicata be applied to bar pursuit of a social security disability insurance benefit claim where the claimant has not been afforded a hearing on the merits of his case?

## THE ADMINISTRATIVE RECORD

To fully understand the posture of this case and the Secretary's application of the doctrine of administrative res judicata, it is necessary to review the administrative history of the case:

(1) On August 31, 1960, the plaintiff first filed an application for a period of disability and disability insurance benefits. On September 22, 1960, prior to receiving a determination on the August 31, 1960, application, he filed an additional and duplicative application. On November 29, 1960, plaintiff was notified that his claim had been denied and he was advised that he could request reconsideration of this determination. He took no further action.

(2) On April 11, 1962, plaintiff filed another application for a period of disability and disability insurance benefits.

By letter dated August 21, 1962, plaintiff was notified that his claim had been denied. He was advised that he could request reconsideration of this determination. Plaintiff took no further action.

(3) On March 10, 1964, plaintiff filed another application for a period of disability and disability insurance benefits. This claim was initially denied and upon reconsideration was also denied on June 2, 1964, and December 9, 1964, respectively. Plaintiff was advised that he could request a hearing, but he took no further action.

(4) On April 19, 1966, plaintiff filed a new application for a period of disability and disability insurance benefits. By letter dated July 6, 1966, plaintiff was notified that his claim had been denied. He was advised that his claim was considered under the amended law and that both previous and new evidence was considered.[1] He was also advised that he could request reconsideration of the determination, but he took no further action.

(5) On January 23, 1968, plaintiff filed another application for a period of disability and disability insurance benefits. By letter dated May 2, 1968, the plaintiff was notified that his claim had been denied and that he could request reconsideration of this determination. Plaintiff took no further action.

(6) On June 13, 1968, plaintiff again filed an application for a period of disability and disability insurance benefits. By letter dated August 5, 1968, the plaintiff was notified that the facts and issues were the same as those previously considered in connection with his January 23, 1968, application. On this basis the claim was denied. He was advised that he could request reconsideration of

this determination, but he took no action.

(7) On June 29, 1970, plaintiff filed another application for a period of disability and disability insurance benefits. This claim was denied initially on August 11, 1970, and was denied on reconsideration on September 25, 1970. On March 9, 1971, William J. Risteau, an administrative law judge, found that the plaintiff had not submitted any new evidence that he was disabled. The administrative law judge found that the facts and issues were the same as those previously determined and he issued an order dismissing the request for a hearing on the grounds of *res judicata*.

(8) On March 11, 1971, the plaintiff filed a request for review of the dismissal. On March 30, 1971, the plaintiff was notified that the administrative law judge's dismissal had been considered and affirmed by the Appeals Council.

(9) On February 17, 1972, the plaintiff filed his current application for a period of disability and disability insurance benefits. This claim was denied initially on April 5, 1972, and was denied on reconsideration on June 2, 1972. The plaintiff then requested a hearing. On August 1, 1972, William J. Sweeney, an administrative law judge, found that the evidence the plaintiff had submitted was not new evidence. The administrative law judge thus found that the facts and issues were the same as those previously determined and the administrative law judge issued an order dismissing the request for a hearing on the grounds of *res judicata*.

(10) On September 15, 1972, the plaintiff filed a request for review of the dismissal. On November 2, 1972, the plaintiff was notified that the administrative law judge's dismissal had

---

1. Prior to a 1965 amendment, the Social Security Act defined "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C. § 416(i)(1)(A). An amendment enacted July 30, 1965, substituted for the phrase "or to be of long-continued and indefinite duration" the phrase "or has lasted or can be expected to last for a continuous period of not less than 12 months."

been considered and affirmed by the Appeals Council. As noted, plaintiff filed this action in this court on January 2, 1973.

## JURISDICTION

As part of the motion to dismiss, the Secretary has challenged the subject matter jurisdiction of this court to review the claim here under 42 U.S.C. § 405(g). Plaintiff has responded by amending his complaint so as to allege five separate grounds of jurisdiction in addition to 42 U.S.C. § 405(g), including 28 U.S.C. § 1331; 28 U.S.C. § 1361; 28 U.S.C. §§ 2201, 2202; 5 U.S.C. §§ 701–706; and the due process clause of the Fifth Amendment.

Title 42 U.S.C. § 405(g) provides in pertinent part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States . . . ."

The Secretary, in his motion to dismiss, has strenuously argued that because plaintiff's claim was dismissed by the Secretary on the grounds of administrative *res judicata* there has been no "final decision" by the Secretary and thus this court has no jurisdiction under 42 U.S.C. § 405(g). This argument lacks merit, however, since the effect of the denial of a claim is the same whether grounded on the doctrine of administrative *res judicata* or whether the result of a hearing on the merits. Furthermore, to accept the Secretary's argument would in effect oust the district courts of their traditional review function under 42 U.S.C. § 405(g) each and every time the Secretary dismissed a case on the basis of *res judicata*. Such an interpretation of the jurisdiction of

district courts under 42 U.S.C. § 405(g) would constitute a technical, strained and narrow reading, certainly not in accord with the liberal and remedial nature of the law. Drafts v. Celebrezze, 240 F.Supp. 535 (S.C.1965); Brooks v. Gardner, 276 F.Supp. 20 (Va.1967); Haberman v. Finch, 418 F.2d 664 (2d Cir. 1969).

It should additionally be noted that the regulations of the Social Security Administration recognize that a dismissal on the grounds of administrative *res judicata* is a "final decision". As noted in 20 CFR § 404.937, an administrative law judge may dismiss a request for a hearing on the basis of *res judicata*. As further noted in 20 CFR § 404.937b: "The dismissal of a request for hearing shall be final and binding unless vacated."

Plaintiff's current claim comes to this court following an order of the Appeals Council issued on November 2, 1972, affirming the dismissal of the claim based upon the doctrine of administrative *res judicata*. The Appeals Council, in its order of November 2, 1972, treated plaintiff's claim as a request for review. The effect of the Appeals Council's denial of a request for review is outlined in 20 CFR § 404.951:

"The Appeals Council may deny a party's request for review or it may grant review and either affirm or reverse the Administrative Law Judge's decision. The decision of the Appeals Council, or the decision of the Administrative Law Judge where the request for review of such decision is denied, shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States under the provisions of [§ 405(g) of the Act] or unless the decision is revised under the provisions described in § 404.956."

Since the denial of plaintiff's claim on the basis of *res judicata* must be considered a "final decision" by the Secretary, plaintiff is properly here and this court

has jurisdiction pursuant to 42 U.S.C. § 405(g). This court is fully mindful that several district courts and at least one circuit court have determined that the Administrative Procedure Act, 5 U.S.C. § 701 et seq., may be available to provide a basis for review in some denials of social security disability insurance benefit cases. Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Casey v. Cohen, 295 F.Supp. 561 (Va.1968); Winter v. Finch, 318 F.Supp. 602 (N.Y.1970); Freeman v. Cohen, 292 F.Supp. 319 (S.C.1968). Because it is determined that jurisdiction is appropriate under 42 U.S.C. § 405(g), however, this court need not consider plaintiff's claims of jurisdiction under the Administrative Procedure Act or other asserted bases.

## ADMINISTRATIVE RES JUDICATA

While it thus appears that this court has jurisdiction to review this case, the question on review is a limited one: Can the Secretary, through the Appeals Council, properly dismiss this case without a hearing, on the ground of administrative *res judicata*, namely, that the plaintiff failed to pursue his proper administrative channels of appeal?

In Subpart J of 20 CFR § 404.901 et seq., the regulations of the Social Security Administration set up a step-by-step administrative procedure for claimants of social security disability insurance benefits. In summary, the procedure envisions the filing of a claim, an initial determination, reconsideration, hearing before an administrative law judge, and appeal to the Appeals Council. The steps within this procedure are not automatic, however, and whenever a determination is made which is adverse to the claimant, the regulations allow the claimant, within certain time constraints, to institute the next step. For example, if the claim for social security disability insurance benefits is denied on the initial determination, the claimant may, within a period of six months, request a reconsideration, 20 CFR §§ 404.909, 404.911. If the claimant fails to pursue his administrative appeals

process at any stage, however, the regulations provide that the effect of the adverse determination becomes "final and binding" on the parties.

In determining that plaintiff in this case was precluded from pursuing his claim as the result of administrative *res judicata*, the administrative law judges and the Appeals Council were relying on 20 CFR § 404.937(a):

> "The Administrative Law Judge may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:
>
> (a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance, or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision."

In the instant case, it should be noted that it is undisputed that plaintiff at all times received proper notice of his next step in the administrative appeals process and the time limits for such appeals. It is also undisputed that each claim filed by plaintiff was similar to prior claims and was based on the same facts and issues. What is challenged in this case are the legal underpinnings of the doctrine of administrative *res judicata* where it is applied to bar a plaintiff's claim for social security disability insurance benefits without a hearing, on the basis of failure to properly pursue the administrative appeals process.

The doctrine of administrative *res judicata* has often been applied by the courts in social security review cases. The rationale for the doctrine of *res judicata* applied to administrative adjudications is similar to that applied to judicial determinations: that issues once litigated be final and that there be an end

to litigation. Moore v. Celebrezze, 252 F.Supp. 593 (Pa.1966), aff'd 376 F.2d 850 (3d Cir. 1967).

The question presented by this case is whether administrative *res judicata* should be applied where no hearing has been held on the merits of plaintiff's social security claim. This question has not been directly addressed by the Ninth Circuit Court of Appeals, but the circuit courts which have reached the question have concluded that administrative *res judicata* may be applied even though the plaintiff has never had a hearing, where the plaintiff has failed to pursue his administrative appeals and no new facts or claims are presented in the subsequent application. Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969); Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971); Gaston v. Richardson, 451 F.2d 461 (6th Cir. 1971). As noted by the court in Moore v. Celebrezze, 252 F. Supp. 593 (Pa.1966), aff'd 376 F.2d 850 (3d Cir. 1967):

"... [T]he plaintiff may not simply relitigate the same issues that were presented on the first application or else there would be no end to litigation before the administrative boards and courts." 252 F.Supp. at 595.

■ This court is constrained to follow the great weight of authority in the other circuits and would hold that the doctrine of *res judicata* is applicable where the social security disability insurance benefits claimant has failed to timely pursue his administrative appeals channels, provided that (1) the channels of appeal and the time for appeal have been clearly enunciated to the claimant, and (2) the subsequent claim is based on the same facts and issues as the prior claim. See Annotation at 14 A.L.R.Fed. 776 (Bancroft-Whitney 1973). However, while this court accepts this rule, it is not unmindful that concepts of fairness and justice may create exceptions thereto. The cases have held that "*res judicata* of administrative decisions is not encrusted with the rigid

finality that characterizes the precept in judicial proceedings." Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969). While application of the doctrine often serves a useful purpose in preventing relitigation of issues administratively determined, there may exist practical reasons not to apply it. United States v. Stone & Downer Co., 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927). When traditional concepts of *res judicata* do not work well, they should be relaxed or qualified to prevent injustice. 2 Davis, Administrative Law § 18.03 (1958). As the Ninth Circuit Court of Appeals has noted, quoting Professor Davis, "the cases add up to the sound proposition that administrative decisions are sometimes *res judicata* and sometimes not." Fibreboard Paper Products Corp. v. East Bay Union, 344 F.2d 300, 308 (9th Cir. 1965).

Two recognized exceptions to the application of administrative *res judicata* have developed based upon the dictates of equity and fundamental fairness. On the one hand, courts have been reluctant to approve the use of the technical defense of administrative *res judicata* to bar a mentally defective, or, semiliterate, uncounseled plaintiff from benefits to which he may be entitled. Staskel v. Gardner, 274 F.Supp. 861 (Pa.1967); Winter v. Finch, 318 F.Supp. 602 (N.Y. 1970). Further, the courts have been extremely reluctant to use administrative *res judicata* where the administrative record would show on its face that a denial of benefits without a hearing would be a manifest injustice. Woodrum v. Richardson, 321 F.Supp. 1278 (W.Va.1971); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969).

The first exception is a judicial recognition of the situation where a claimant for social security disability insurance benefits, unaided by counsel, is so illiterate or so mentally defective that he cannot fully understand either the nature of his claim or the administrative process through which he must pursue that

claim. In such a case it would not be in the interests of justice to summarily dismiss the claim on the basis of administrative *res judicata* simply because the claimant did not properly pursue his administrative channels. Rather, it would be appropriate, in light of the beneficial purposes and salutory effect of the Social Security Act, to grant the claimant a hearing on the merits of his claim.

■ In the instant case, plaintiff has contended that he was not represented by counsel, and in addition, that he was mentally defective and could not understand the proper appeals procedure. It is true that plaintiff always filed *pro se* and it was not until his final application filed February 17, 1972, that he sought and obtained legal assistance through the California Rural Legal Assistance program. It is also true that plaintiff's claim for social security disability insurance benefits is founded in part at least upon an assertion of mental and emotional defects as a result of the September 12, 1959, automobile accident. The plaintiff has alleged in an affidavit filed with this court as follows:

"I don't remember a lot of things. My brain gets all mixed up and I don't understand how my head works. Sometimes I remember things good and other times not at all. If I don't write notes to myself to remind me about things, I won't remember to do them. I can read but many times I have to read things over and over because I don't understand what I read. A lot of things go over my head. I applied for Social Security benefits every time someone reminded me about it. I never understood what was going on. I don't remember anyone telling me what to do, but people often tell me things to do and then I forget. Sometimes I can't even remember my child's name. I kept applying because I thought that was the only thing to do. After a while I thought I was being strung along and told lies. I just thought that if I kept applying something would work out. I couldn't understand why I didn't get benefits and thought there had been secret hearings without me."

In light of this uncontradicted assertion of a mentally defective condition which could preclude plaintiff's understanding of the administrative appeals process, the application for social security disability insurance which claims "brain damage", and the administrative record which includes medical evidence of mental defects, it must be considered an abuse of discretion by the administrative law judge to dismiss the claim on the basis of *res judicata*, without at least a hearing on whether plaintiff's mental condition was so serious as to preclude his full understanding either of the nature of his claim or of the administrative process through which he must pursue that claim.

■ It is appropriate in this case to remand to the Secretary so that a hearing may be held on the narrow question whether plaintiff's mental condition was so serious that at the time of his prior applications, he could not fully understand and appreciate (1) the nature of his claim, or (2) the administrative process through which that claim must be pursued, or (3) the consequences of failure to pursue that process. If the Secretary determines that plaintiff could fully understand the nature of his claim and the administrative appeals process, then it is proper to dismiss the claim on the basis of administrative *res judicata*. If, on the other hand, the Secretary determines to the contrary, then administrative *res judicata* cannot apply and plaintiff is entitled to a hearing on the merits of his claim.

■ A final comment should be made at this point concerning the second exception to the doctrine of administrative *res judicata*. As noted above, administrative *res judicata* should not apply where it is clear from the face of the administrative record that to deny the plaintiff a hearing on the merits of his claim would be a manifest injustice. This court has carefully reviewed the

administrative record in this case including the medical and non-medical evidence therein. Without prejudice to any administrative hearing which might be held in this case, it can nevertheless be said that the administrative record in this case does not present such an overwhelming case for entitlement as to constitute a "manifest injustice" were the claim denied.

It is therefore ordered that defendant's motion to dismiss is denied and plaintiff's motion for summary judgment is denied and the case is remanded to the Secretary for consideration and a hearing in accordance with the views expressed in this memorandum and order.